CLAUDIA LUBIN, Plaintiff, *v.* SYDENHAM HOSPITAL, INC., Defendant.

Supreme Court, Special Term, New York County, June 3, 1943.

*J. M. Fishback* for plaintiff.

*Cohen & Jarcho* for defendant.

HAMMER, J. Motion for an order substituting the administratrix of estate of deceased plaintiff in the place and stead of plaintiff in the pending action. In opposition thereto and by way of cross motion, defendant moves for an order directing that the action abate on the ground that it did not survive the death of the plaintiff.

The complaint alleges two causes of action. The first is for damages for mental anguish resulting from the refusal of the defendant hospital to deliver to the plaintiff for the purpose of burial the body of her dead child after childbirth and for interference with plaintiff's right of burial. The second cause of action sounds in replevin for the possession of the body of the dead child allegedly withheld by the defendant.

It is alleged: that on July 12, 1940, the plaintiff was delivered by the defendant by one of its doctors of the calcified body of a child, or so-called " stone baby "; that on July 27, 1940, upon being discharged from the hospital, plaintiff demanded possession of the body for the purpose of burial and it was refused by the defendant; and that the acts of defendant in refusing her request were " deliberate and wilful, a gross outrage upon plaintiff's rights and sensibilities ", an indignity upon her, an interference with and preventive of her right to the body for burial, which acts " wounded her feelings and caused her great mental distress, anguish and suffering."

The answer is, in effect, a general denial.

The cause of action, seemingly for replevin, was dismissed at Special Term, but the dismissal was reversed on appeal.

On this motion it appears plaintiff died intestate on October 16, 1941, and movant, sister of plaintiff, was duly appointed administratrix with limited letters for the purpose of continuing the action. She urges that the administratrix is entitled to be substituted in the place of the deceased plaintiff.

In the absence of testamentary disposition to the contrary, a surviving spouse or next of kin has the right to the possession of the body of a deceased person for the purpose of burial, sepulture or other lawful disposition which they may see fit. (*Stahl* v. *Necker, Inc.,* 184 App. Div. 85, 90; *Matter of Forrisi,* 170 Misc. 649; *Apostle* v. *Pappas,* 154 Misc. 497.)

There is no right of property in a dead body in the ordinary sense, but it is regarded as property so far as necessary to entitle the surviving spouse and next of kin to legal protection of their rights in respect thereto. (*Hutchinson Land Co.* v. *Whitehead Bros. Co.,* 127 Misc. 558; *Finley* v. *Atlantic Transp. Co.,* 220 N. Y. 249; *Donahy* v. *Kellogg,* 70 Misc. 25, 29.)

Defendant contends that the action for possession of the body is the assertion of a violation of a personal right essentially resulting in a personal wrong, which does not survive the plaintiff's death. (*Matter of Scheck,* 172 Misc. 236.) The complaint alleges facts which, if established upon the trial, could justify a recovery of compensatory as well as punitive damages for mental suffering and anguish to the plaintiff. (*Gostkowski* v. *Roman Catholic Church,* 237 App. Div. 640, affd. 262 N. Y. 320.) It is well settled that an unlawful invasion of the right of funeral, interment or other lawful disposition of the remains is a tort and is the subject of an action for damages. (*Gostkowski* v. *Roman Catholic Church, supra; Stahl* v. *Necker, Inc., supra; Apostle* v. *Pappas, supra;* 25 C. J. S., Dead Bodies, § 8.)

No cause of action for injury to person or property shall be lost because of the death of the person in whose favor the cause of action existed. Such an action may be brought or continued by the executor or administrator of the deceased person. (Decedent Estate Law, § 119; amd. L. 1941, ch. 897, eff. Sept. 1, 1941.) The amendment did not create a new cause of action. It provided for continuance of a cause already existing. (*Silva* v. *Keegan,* 304 Mass. 358.) The damages recoverable by the mother would, of course, be part of her estate. (*Wiley* v. *Chasan,* 11 N. Y. S. 2d 652.) If the one, such as the mother, with the primary right asserts the claim to the body and is denied such right, the claim for damages would have accrued. She

and her estate would be entitled thereto, and all others would be barred from claiming damages (*Fontheim* v. *Third Ave. Ry. Co.,* 257 App. Div. 147; motion for leave to prosecute appeal as a poor person denied 281 N. Y. 392).

Accordingly, the present action did not abate by reason of the death of plaintiff. The administratrix should be substituted in her place. Motion to substitute administratrix granted. Cross motion to abate action denied. Settle order.