45 So.2d 188 (1950)
KIRKSEY
v.
JERNIGAN.
Supreme Court of Florida, en Banc.
March 24, 1950.
Dean Boggs, Jacksonville, for appellant.
Katz & Katz and Bedell & Bedell, Jacksonville for appellee.
ROBERTS, Justice.
This is an appeal from a final judgment on demurrer entered in the court below in favor of defendant-appellee in a tort action for damages. The lower court sustained *189 defendant's demurrer to plaintiff's Second Amended Declaration on the ground that neither compensatory damages for mental pain and anguish nor punitive damages were recoverable, and that therefore plaintiff's claim was below the amount required to give the court jurisdiction of the cause. The plaintiff declining to amend further, final judgment on demurrer was entered in favor of defendant-appellee.
The facts upon which plaintiff based her cause of action are set forth in her declaration essentially as follows:
On October 20, 1948, the plaintiff's five-year-old child was accidentally shot and killed at her home while she was temporarily absent. She was immediately notified and arrived at the scene soon after the accident occurred. Prior to her arrival, the defendant, an undertaker, had taken the body of the child to his undertaking establishment "without the authority of plaintiff, or of anyone authorized to act in her behalf", it is alleged. Upon learning this, the plaintiff went to the establishment of defendant, advised him that she was the mother of the child, and made demand for the body, directing that it be turned over immediately to the undertaker of her choice. It is alleged that she made this demand within two hours after the accident. Defendant refused to surrender the body at that time, or upon repeated requests for the body made thereafter by plaintiff, or others acting on her behalf, and held the body for two or three days. The defendant also embalmed the body, it is alleged, "wrongfully and without authority from plaintiff, or anyone authorized to act in her behalf, and thereby mutilated said body in deliberate and wanton disregard of the known rights of plaintiff and arbitrarily set his charge or fee in the sum of $50.00." It was also alleged that he refused to deliver the body to plaintiff or anyone else until plaintiff had paid the $50.00 fee, and "wrongfully held said body as security for said charge or fee of $50.00."
The declaration was in three counts, the first of which was based on the wrongful withholding of the body, and the second on this same ground and, in addition, the unauthorized embalming and the holding of the body as security for the payment of the $50.00 fee. The third count contained the allegations of the first two counts and alleged further that the charge of $50.00 for embalming was excessive, the usual fee being $25.00; that the defendant, knowing the plaintiff to be a poor and impecunious colored woman, refused to accept the usual charge of $25.00 or $30.00 to release the body, held the body as security for the fee, and forced her to borrow money to pay the excessive amount demanded.
Plaintiff sought compensatory damages and punitive damages, and the recovery of the $50.00 fee paid plaintiff, in the total amount of $25,000.00
This court is committed to the rule, and we re-affirm it herein, that there can be no recovery for mental pain and anguish unconnected with physical injury in an action arising out of the negligent breach of a contract whereby simple negligence is involved. Dunahoo v. Bess, 146 Fla. 182, 200 So. 541, following International Ocean Telegraph Company v. Saunders, 32 Fla. 434, 14 So. 148, 21 L.R.A. 810.
But we do not feel constrained to extend this rule to cases founded purely in tort, where the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages. See 15 Am.Jur., Damages, Sec. 179, page 596; Restatement of Torts, Section 47(b). The right to recover, in such cases, is especially appropriate to tortious interference with rights involving dead human bodies, where mental anguish to the surviving relatives is not only the natural and probable consequence of the character of wrong committed, but indeed is frequently the only injurious consequence to follow from it.
It is well settled that, in the absence of testamentary disposition to the contrary, a surviving spouse or next of kin has the right to the possession of the body of a deceased person for the purpose of burial, sepulture or other lawful disposition which they may see fit. Dunahoo v. Bess, supra, *190 and cases therein cited; 15 Am.Jur., Dead Bodies, Section 17, page 839; 25 C.J.S., Dead Bodies, § 8, page 1025. And the invasion of such right by unlawfully withholding the body from the relative entitled thereto is an actionable wrong, for which substantial damages may be recovered. Sworski et al. v. Simons et al., 208 Minn. 201, 293 N.W. 309; Teasley v. Thompson, 204 Ark. 959, 165 S.W.2d 940; Lubin v. Sydenham Hospital, Inc., 181 Misc. 870, 42 N.Y.S.2d 654; Gadbury v. Bleitz, 133 Wash. 134, 233 P. 299, 44 A.L.R. 425; and Bonaparte v. Fraternal Funeral Home, 206 N.C. 652, 175 S.E. 137.
We hold that the declaration in the instant case stated a cause of action against the defendant and alleged facts which, if established upon the trial, could justify a recovery of punitive damages as well as damages for mental suffering and anguish to the plaintiff. See 15 Am.Jur., Dead Bodies, Section 34, page 852; Bonaparte v. Fraternal Funeral Home, supra; Lubin v. Sydenham Hospital, Inc., supra.
The judgment is, accordingly, reversed and the cause remanded for trial.
TERRELL, CHAPMAN, SEBRING and HOBSON, JJ., concur.
ADAMS, C.J., and THOMAS, J., dissent.