70 So.2d 574 (1954)
CRANE et al.
v.
LOFTIN et al.
Supreme Court of Florida. Division A.
February 23, 1954.
*575 Montague Rosenberg and Herman Grayson, Miami Beach, for appellants.
Loftin, Anderson, Scott, McCarthy & Preston, Wilson Smith, Miami, and Russell L. Frink, Jacksonville, for appellees.
SEBRING, Justice.
This is an appeal by the plaintiff below from a final order dismissing a complaint in a common-law action wherein the plaintiff sought damages for personal injuries alleged to have resulted from fright and mental anguish unaccompanied by direct physical impact or trauma.
The complaint alleged in substance that the plaintiff, Lillian Crane, was lawfully driving the automobile owned by her husband along a heavily traveled street in Miami, Florida; that as she drove upon and was crossing the railroad tracks of the defendant which passed over said street, "a locomotive and train of cars being operated and controlled by the defendant * * * at an excessive speed, was propelled and run into * * * the said automobile * * * thus causing said plaintiff to leap and flee from said automobile, in order to avoid being struck by said locomotive and train of cars * * * that because of the excessive speed at which the defendant * * * operated and ran its locomotive and train of cars causing the injuries * * * the defendants * * were guilty of wanton and wilful carelessness and neglect in the premises in this, to wit: that the defendant * * * knew or should have known of the inherent danger arising out of running its locomotive and train of cars at an excessive speed through a largely populated city and across a heavily traveled highway."
It has been recognized in this jurisdiction that where the facts giving rise to an action in tort for personal injuries are such as to reasonably imply malice, or where, from the entire want of care or attention to duty, or great indifference to the persons, property or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages, recovery for mental pain and anguish unconnected with direct physical impact or trauma may be authorized. Kirksey v. Jernigan, Fla., 45 So.2d 188.
The primary question on this appeal is whether the facts alleged in the complaint are sufficient to bring the plaintiff within the principle stated.
The gist of the negligence alleged in the complaint is that the locomotive and train of cars of the defendant were being operated at an excessive speed along a railroad track that crossed a heavily traveled highway in a largely populated city. The issue is whether these allegations are sufficient to reasonably imply malice, or entire want of care or attention to duty, or such great indifference to the rights of others as to impute malice.
In Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886, it is held that the mere allegation that one was traveling at a high rate of speed is nothing more than the use of a relative term, because a given speed might be reckless in some circumstances and yet not in others. Excessive speed in other instances has been found to be an insufficient basis for a charge of gross negligence or willful, wanton or malicious *576 conduct. DeWald v. Quarnstrom, Fla., 60 So.2d 919; Orme v. Burr, 157 Fla. 378, 25 So.2d 870; O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817; Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399.
We have the view that under the controlling law as to the right of a plaintiff to recover damages for personal injuries resulting from fright and mental anguish unaccompanied by direct physical impact or trauma, the plaintiff has failed to allege a case for recovery based upon willful and wanton negligence of the defendant.
It follows, therefore, that the judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.