133 So.2d 437 (1961)
Mary Ellen KIMPLE, Appellant,
v.
Carl W. RIEDEL, d/b/a Riedel Funeral Home, Appellee.
No. 2099.
District Court of Appeal of Florida. Second District.
September 22, 1961.
Rehearing Denied October 20, 1961.
*438 Albert P. McIntosh, Jr., Orlando, for appellant.
Thacker & Thacker, Kissimmee, for appellee.
KANNER, Judge.
Plaintiff brought action against defendant, seeking recovery for mental pain and anguish alleged to have been wrought by defendant, unconnected with physical injury. The court, finding that no genuine issue of any material fact existed and that defendant was entitled to judgment as a matter of law, entered summary final judgment.
In the complaint, it was alleged, essentially, that plaintiff's husband died in the office of a certain doctor in Kissimmee, Florida, while plaintiff was temporarily absent from the city; that defendant or his agent took the body to the undertaking establishment of defendant without authority from plaintiff or anyone authorized by her and began embalming it, in wanton disregard of the rights of plaintiff whom defendant knew to be the spouse of deceased and whom he knew to be temporarily absent from Kissimmee; that upon plaintiff's demand that the body be released to her and upon her direction that it be turned over to another specified funeral home, defendant refused to do this until the following morning and then only upon payment of an excessive fee for embalming the body.
Defendant's motion for summary judgment makes reference to and includes as support his sworn answer, together with affidavits of four other persons. There was no opposing affidavit or any other evidence interposed by plaintiff, but she relies totally upon the allegations of the complaint, which was not sworn to.
The record indicates that, when plaintiff's husband died of a heart attack in a doctor's office in Kissimmee, plaintiff was out of town and had been for several days. Deceased had told the doctor in attendance that his wife was somewhere in a motel on Melbourne Beach helping to take care of a person who was in poor health, that he did not know where she was or how to get in touch with her. After plaintiff's husband had died, the doctor called defendant, and he also called the justice of the peace as coroner for that district. After a routine check as to circumstances of death, the coroner requested the defendant funeral director to remove the body and start embalming it. Defendant arranged for a search to be instituted for plaintiff through the services of a funeral home director in Eau Gallie who had formerly worked for defendant. After visits to several motels, that funeral director found plaintiff and called defendant to send a car to the Eau Gallie funeral home for her. Defendant did so, sending with the car a minister and a woman relative of the minister who knew plaintiff. When plaintiff was brought to defendant's funeral home, she informed defendant that she wanted a certain other funeral home in Kissimmee to handle the funeral. To this request defendant agreed, stating that the embalming process was already under way, that it would be infeasible to interrupt that process, but that he would release the body when this had been completed. He telephoned the funeral home specified by plaintiff and arranged for the body to be picked up the following morning. No demand was made to plaintiff for a fee and the subject was not discussed with her, nor was any request made of plaintiff for payment of the expense incurred by defendant of locating her and conveying her by car back to Kissimmee. The customary embalming fee was paid defendant by the director of the funeral home to which the body was later transported.
*439 In its summary judgment, the court found that the plaintiff failed to show malice in any of the matters raised by her pleading and failed to show any material facts or issues from which malice could be imputed to the defendant or to show any facts or circumstances that would justify the assessment of exemplary or punitive damages. It was found additionally that the plaintiff filed no counter affidavits and that based upon the affidavits submitted with the motion for summary judgment, taking these as being the ultimate facts in the case, no malice could be presumed from them and, further, that there was no situation disclosed to justify recovery under the law.
Kirksey v. Jernigan, Fla. 1950, 45 So.2d 188, 17 A.L.R.2d 766, is a case involving an action brought by a mother for tortious interference with rights involving the body of her dead child, alleged to have been accidentally killed during the mother's temporary absence. The body was taken from the home before return of the mother and embalmed by defendant undertaker without permission, the latter then refusing to return the body without payment of an exorbitant fee. The Supreme Court reversed the action of the court below which sustained a demurrer to the declaration on the ground that damages were not recoverable. The principle enunciated was that, in an action founded purely in tort in order for recovery to be effected for damages resulting from mental pain and anguish unconnected with physical injury, the wrongful act must be such as to reasonably imply malice or such that, from the entire want of care or attention to duty or great indifference to the person, property, or rights of others, such malice would be imputed as would justify assessment of exemplary or punitive damages. See also Crane v. Loftin, Fla. 1954, 70 So.2d 574, and 32 Fla.Jur., Torts, section 15, p. 144.
The facts of the present case do not meet the test of malice essential under the rule. Here, it was the coroner who decided and directed that the body be removed from the doctor's office to the undertaking establishment of defendant and there embalmed. Defendant, in doing so, was following instructions of that official. Defendant agreed that the body be turned over to the funeral home designated by plaintiff, explaining to her that the embalming process, already begun, should not be interrupted. He did telephone the other funeral home and arrange for the body to be picked up the following morning.
No genuine issue of material fact having been produced, the summary judgment is affirmed.
Affirmed.
ALLEN, Acting C.J., and SMITH, J., concur.