**Myrtle S. SHULL and Walter G. Shull,**
**Appellants,**

v.

**PILOT LIFE INSURANCE COMPANY,**
**Appellee.**

**No. 20013**

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1963.

**446**

Thomas J. Schwartz, William P. Doyle, Pompano Beach, Fla., for appellants.

Walter Humkey, Harold L. Ward, Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel, for appellee.

Before BROWN, GEWIN and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

■■ This diversity suit was to recover for personal injuries sustained by the Plaintiff—the Assured under a life insurance policy—allegedly caused by the Defendant-Insurer having changed the named beneficiary without the Assured's consent and in violation of the express policy terms. The Defendant urges that as a matter of Florida substantive law, there is no liability for personal injury unaccompanied by bodily contact arising from a tortious violation of a contract unless the "act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages." Kirksey v. Jernigan, 1950, Fla., 45 So.2d 188, 189, 17 A.L.R.2d 766. This legal standard is developed in these cases. International Ocean Telegraph Co. v. Saunders, 1893, 32 Fla. 434, 14 So. 148, 21 L.R.A. 810; Dunahoo v. Bess, 1941, 146 Fla. 182, 200 So. 541; Crane v. Loftin, 1954, Fla., 70 So.2d 574; Griffith v. Shamrock Village, 1957, Fla., 94 So.2d 854; Slocum v. Food Fair Stores of Fla., 1958, Fla., 100 So.2d 396; Clark v. Choctawhatchee Elec. Co-Op., 1958, Fla., 107 So.2d 609; Kimple v. Riedel, 1961, Fla. App., 133 So.2d 437. Accepting for present purposes this reading of Florida law, we nevertheless conclude that the District Court erred in dismissing the complaint for failure to state a claim under F.R.Civ.P. 12(b) (6). So long as it stands this dismissal with prejudice is res judicata and effectually bars any effort, in any court, at any time to find out what the true facts were.

■ This case is nowhere near ripe for determination that there can be no liability as a matter of Florida law. Like so many others, after the delay and expense of appeal, it must go back to determine whether the facts, as distinguished from the pleaded allegations, show a case meeting Florida principles. The allegations, though in the broad general terms permitted by the Rules, are quite sufficient to satisfy the test of Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. We repeat again

what we have said before that within these very broad guide lines, a dismissal with prejudice on the "basis of bare bones pleadings is a tortuous thing." Arthur H. Richland Co. v. Harper, 5 Cir., 1962, 302 F.2d 324, 325; Santiesteban v. Goodyear Tire & Rubber Co., 5 Cir., 1962, 306 F.2d 9; Millet v. Godchaux Sugars, Inc., 5 Cir., 1957, 241 F.2d 264; Moritt v. Fine, 5 Cir., 1957, 242 F.2d 128, 132 (dissenting); Smoot v. State Farm Mutual Auto. Ins. Co., 5 Cir., 1962, 299 F.2d 525; Brotherhood of Railroad Trainmen v. Central of Georgia Ry., 5 Cir., 1962, 305 F.2d 605; Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, Inc., 5 Cir., 1958, 257 F.2d 162; Carss v. Outboard Marine, 5 Cir., 1958, 252 F.2d 690. We have, however, pointed out that this does not mean that there must necessarily be a full-blown trial. Exploiting the wonderful facility of pre-trial discovery, the real facts can be ascertained and by motion for summary judgment (or other suitable device), the trial Court can determine whether as a matter of law there is any right of recovery on those facts. Carss v. Outboard Marine, 5 Cir., 1958, 252 F.2d 690; Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, Inc., 5 Cir., 1958, 257 F.2d 162; Delesdernier v. O'Rourke & Warren Co., 5 Cir., 1962, 305 F.2d 929, 932.

This is not a return to technicalities out of harmony with the Rules. Quite the contrary, this makes sure that it is the real facts, not what the lawyers say (or conclude) will be the facts which determines the outcome. It is perhaps ironic that the more extreme or even far-fetched is the asserted theory of liability, the more important it is that the conceptual legal theories be explored and assayed in the light of actual facts, not a pleader's supposition. If for no other reason, this affords some protection against the dubious extension of tort principles into new and unheard of fields resulting from a court opinion elucidating legal responsibilities as to facts which may never be.

Thus it is that a year later, this case must go back for determination of whether the real facts will come up to the pleader's expectation.

Reversed and remanded.