177 So.2d 551 (1965)
Wendy KORBIN, a minor, by and through her guardian and next friend, Lill Korbin, Appellant,
v.
Muriel BERLIN, Appellee.
No. 64-975.
District Court of Appeal of Florida. Third District.
July 6, 1965.
Rehearing Denied August 9, 1965.
*552 Daniel L. Ginsberg, Miami, for appellant.
Milton E. Grusmark and Irwin Oster, Miami Beach, for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
CARROLL, Judge.
This appeal is from an order dismissing an amended complaint in an action brought by a six year old girl through her guardian and next friend. It was alleged in the amended complaint that at a certain time and place the defendant "Willfully and maliciously approached the said plaintiff * * * and made the following statement to her: `Do you know that your mother took a man away from his wife? Do you know God is going to punish them? Do you know that a man is sleeping in your mother's room?' She then again repeated, `God will punish them.'" It was alleged the statements were knowingly false, "made maliciously, willfully and with utter disregard to the feelings of the six-year-old Plaintiff," and it was further alleged that the statements were made "for the purpose of causing the plaintiff-child undue emotional stress, mental pain and anguish." Resultant injuries were alleged, and damages were sought.
In our opinion the trial judge was in error in holding that a cause of action was not stated, and we reverse on the authority of Kirksey v. Jernigan, Fla. 1950, 45 So.2d 188, 17 A.L.R.2d 766, and Slocum v. Food Fair Stores of Florida, Fla. 1958, 100 So.2d 396.
The law in this state with reference to the cause of action declared on is dealt with in the cited cases. Thus, in Kirksey v. Jernigan, supra (45 So.2d at 189), the Supreme Court said:
"This court is committed to the rule, and we re-affirm it herein, that there can be no recovery for mental pain and anguish unconnected with physical injury in an action arising out of the negligent breach of a contract whereby simple negligence is involved. Dunahoo v. Bess, 146 Fla. 182, 200 So. 541, following International Ocean Telegraph Company v. Saunders, 32 Fla. 434, 14 So. 148, 21 L.R.A. 810.
"But we do not feel constrained to extend this rule to cases founded purely in tort, where the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages. See 15 Am.Jur., Damages, Sec. 179, page 596; Restatement of Torts, Section 47(b). * * *"
Later, in Slocum v. Food Fair Stores of Florida, supra (100 So.2d at 397-398) it was said:
"A most cogent statement of the doctrine covering tort liability for insult has been incorporated in the Restatement of the Law of Torts, 1948 supplement, sec. 46, entitled `Conduct intended to cause emotional distress only.' It makes a blanket provision for liability on the part of `one, who, without a privilege to do so, intentionally causes severe emotional distress to another,' indicating that the requisite intention exists `when the act is done for the purpose of causing the distress or with knowledge * * * that severe emotional distress is substantially certain to be produced by [such] conduct.' Comment (a), Sec. 46, supra. Abusive language is, of course, only one of the many means by which the tort could be committed.

*553 "However, even if we assume, without deciding, the legal propriety of that doctrine, a study of its factual applications shows that a line of demarcation should be drawn between conduct likely to cause mere `emotional distress' and that causing `severe emotional distress,' so as to exclude the situation at bar. Illus. 5, sec. 46, supra. `So far as it is possible to generalize from the cases, the rule which seems to be emerging is that there is liability only for conduct exceeding all bounds which could be tolerated by society, of a nature especially calculated to cause mental damage of a very serious kind.' Prosser, Mental Suffering, 37 Mich. L.R. 889. And the most practicable view is that the functions of court and jury are no different than in other tort actions where there is at the outset a question as to whether the conduct alleged is so legally innocuous as to present no issue for a jury. Wade, p. 91, supra. See also 7 Miss.L.J. 390.
"This tendency to hinge the cause of action upon the degree of the insult has led some courts to reject the doctrine in toto. Wallace v. Shorham Hotel Corp., D.C.Mun.App., 49 A.2d 81. Whether or not this is desirable, it is uniformly agreed that the determination of whether words or conduct are actionable in character is to be made on an objective rather than subjective standard, from common acceptation. The unwarranted intrusion must be calculated to cause `severe emotional distress' to a person of ordinary sensibilities, in the absence of special knowledge or notice. * * *"
The complaint in the instant case met the requirements for validity as outlined in Kirksey v. Jernigan, supra, as quoted above. This is so because the claim presented here for damages "for mental pain and anguish unconnected with physical injury" did not arise "out of the negligent breach of a contract whereby simple negligence is involved" but from action "founded purely in tort, where the wrongful act is such as to reasonably imply malice," or "great indifference" to the rights of others. The alleged tortious injury did not occur incident to violation of a contract obligation, but in the course of a tortious act, which, if the facts so established, was a slander of the plaintiff's mother.
In the later Slocum case, the Supreme Court showed readiness to apply the rule discussed and quoted there from the Restatement and Prosser, to allow recovery for words or conduct which are intended or calculated to cause "severe emotional distress."[1] However, in the Slocum case it was held the words used were not of such consequence.
Therefore, the determinative question here is whether what was said to the child was intended or reasonably calculated to cause the child "severe emotional distress." The alleged statements and the manner and circumstances under which they were communicated to the child leave little room to doubt they were made with a purpose and intent to shame her, and to shock the sensibilities of this child of tender years. Relating, as they did, to the child's mother, the content and import of the statements were such that it can not be said as a matter of law that this alleged deliberately harmful act was not one "calculated to cause `severe emotional distress' to a person [child] of ordinary sensibilities." See Slocum v. Food Fair Stores of Florida, supra.
Accordingly, the order dismissing the amended complaint is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
SWANN, Judge (dissenting).
I dissent on the authority of Slocum v. Food Fair Stores of Florida, Inc., Fla. 1958, 100 So.2d 396, and Mann v. Roosevelt Shop, Inc., Fla. 1949, 41 So.2d 894.
NOTES
[1] Note, The Right to Mental Security, 16 U.Fla.L.Rev. 540, 547, n. 46.