213 So.2d 898 (1968)
Yvonne CARTER and Howard E. Carter, Appellants,
v.
LAKE WALES HOSPITAL ASSOCIATION, Inc., a Non-Profit Florida Corporation, Appellee.
No. 67-466.
District Court of Appeal of Florida. Second District.
September 18, 1968.
*899 Thomas W. Perkins, Bartow, for appellants.
David J. Williams, of Langston, Massey, Trohn & Williams, Lakeland, and Joe Young, of Bradley, Johnson, Nelson & Young, Lake Wales, for appellee.
HOBSON, Judge.
Appellants, plaintiffs below, appeal a final order dismissing their third amended complaint with prejudice for failure to state a cause of action against the defendant-appellee, Lake Wales Hospital Association, Inc.
The wrongful act alleged to have given rise to the appellants' claim for damages is that while appellant-wife was in defendant-hospital subsequent to giving birth to a child, the defendant-hospital through its employees permitted the child of appellants to be taken home by a third person under the mistaken belief that it was the third person's child.
After the child had been out of the hospital for several hours, the mistake was discovered and the child was returned to the hospital. Neither the child nor its mother, appellant-wife, sustained any physical injury; however, appellant-wife is alleged to have suffered the infliction of severe mental distress. In short, the third amended complaint claimed actual and punitive damages for severe emotional distress unconnected with any physical impact of any kind.
In essence, appellants' third amended complaint proceeds on two theories: negligent breach of contract and gross negligence.
The Supreme Court of Florida, in Kirksey v. Jernigan, Fla. 1950, 45 So.2d 188, stated at page 189, 17 A.L.R.2d 766:
"This court is committed to the rule, and we re-affirm it herein, that there can be no recovery for mental pain and anguish unconnected with physical injury in an action arising out of the negligent breach of a contract whereby simple negligence is involved. * * *
"But we do not feel constrained to extend this rule to cases founded purely in tort, where the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention *900 to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages."
A careful reading of appellants' third amended complaint fails to reveal that anything other than simple negligence is alleged.
Therefore, under appellants' first theory, negligent breach of contract, no cause of action is stated as recovery cannot be had for mental pain and anguish unconnected with any physical injury in an action arising from the negligent breach of a contract in which simple negligence is involved. Kirksey v. Jernigan, supra; Dunahoo v. Bess, 1941, 146 Fla. 182, 200 So. 541; International Ocean Telegraph Company v. Saunders, 1893, 32 Fla. 434, 14 So. 148, 21 L.R.A. 810.
Appellants' second theory for recovery is based on gross negligence on the part of appellee. Under Florida law, gross negligence will not justify the imposition of punitive damages. Something more than gross negligence is needed to justify punitive damages. This is clearly stated in Carraway v. Revell, Fla. 1959, 116 So.2d 16, at page 22:
"* * * [G]ross negligence * * * is that kind or degree of negligence which lies in the area between ordinary negligence and wilful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages * * *."
Therefore, the appellants, even though they had alleged sufficient facts to constitute gross negligence, would not be entitled to recover against the appellee under the rule laid down in Kirksey v. Jernigan, supra.
Affirmed.
LILES, C.J., and ALLEN, J., concur.