LILES, Judge.
Appellants, plaintiffs in the trial court, attempted to adopt an infant baby which had been prematurely delivered in the Sun Coast Hospital by Dr. Charles Masten, D. O. The prospective adoptees inquired of Dr. Masten as to the health of the child and, according to their deposition, were assured by him that the child was in good health. They were also advised that they must seek the services of an attorney and go through the proper procedure in the adoption.
At this point the Chappells took possession of the child. Shortly thereafter they took the child to a Dr. Bennett for further examination. Dr. Bennett examined the child and noticed that its head was somewhat enlarged and ordered an X-ray of the head. Appellants were advised to bring the child back a month later for further check on the size of its head. They brought the child back to Dr. Bennett and she made no diagnosis as to its condition. Appellants then took the child to a Dr. Moody. He noticed the child’s head was enlarged and he sent them to Gainesville Medical Center where it was determined that the child had hydrocephalus and would die within a fairly short time. The child was then placed in the Pinellas County Retarded Childrens Home and was subsequently moved to Sunland Hospital in Orlando where it died in August, 1969.
Following the death of the child the appellants brought suit against Dr. Charles Masten and Sun Coast Hospital, Inc. The complaint alleged that Masten represented to the plaintiffs that the child they sought to adopt was in perfect health and that Masten knew this statement to be false and intended to deceive and defraud the plaintiffs. Plaintiffs alleged against Sun Coast Hospital, Inc., that Masten acted as Sun Coast’s agent when he said the child was in perfect health. They also alleged breach of warranty against Sun Coast, saying that Sun Coast, through its agent, “warranted and represented to the plaintiffs that the child was in perfect health” when in fact the child was suffering from the disease of hydrocephalus.
Dr. Masten and Sun Coast Hospital moved for summary judgment which was entered in their favor. The Chappells appeal.
It is apparent from the record that the adoption proceedings were stopped as soon as the Chappells discovered the child’s illness. Appellants, were therefore not the adopted parents, but only the temporary custodians of the child and are barred from bringing this suit by Fla.Stat. 768.03, F.S.A. That statute sets forth the parties who may bring an action for the death of *548 a minor child. Florida Statute 768.03, F.S.A. does not include parties in the position of the Chappells. See also this court’s decision in Carter v. Lake Wales Hospital Assoc., Fla.App.1968, 213 So.2d 898, and cases cited therein.
Summary judgments were properly entered in this case and we therefore affirm.
PIERCE, C. J., and HOBSON, J., concur.