260 So.2d 288 (1972)
Jimmy S. WAY, Appellant,
v.
TAMPA COCA COLA BOTTLING COMPANY, a Corporation, Appellee.
No. 71-308.
District Court of Appeal of Florida, Second District.
April 5, 1972.
Paul B. Johnson of Gregory, Cours, Paniello & Johnson, Tampa, for appellant.
Vernon W. Evans, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
LILES, Acting Chief Judge.
Appellant, James S. Way, was drinking a bottle of Coca Cola processed by Tampa Coca Cola Bottling Company when he discovered a "foreign" substance contained in the bottle. When he opened the bottle the contents were icy and he commenced to drink and suck upon the bottle. Subsequently, he noted the foreign substance and the testimony was that it resembled a rat with the hair sucked off. He became nauseated and went outside and vomited. He was nauseated for two days thereafter and has an aversion to dark colored drinks.
The appellant's complaint alleged in Count I a violation of the doctrine of implied warranty as to fitness. Count II alleged that the defendant was negligent in allowing foreign objects to enter the bottle during the bottling process. Count III alleged that the manufacturer was strictly liable. Count III regarding strict liability was stricken and the case was tried by jury on the doctrine of implied warranty and negligence. The jury was also charged on the doctrine of res ipsa loquitur.
Prior to the case going to the jury, a motion for directed verdict was made in which the trial judge reserved ruling. The *289 jury then returned a verdict in favor of plaintiff in the amount of $1,000. The court ruled that the defendant was entitled to a directed verdict in that the defendant was not liable to the plaintiff as a matter of law. He gave as his reasons argument made by the defendant in his motion for directed verdict.
The argument made in support of appellee's directed verdict is that the charge of negligence and breach of implied warranty must fail because appellant failed to show a basis for an award of damages in that the evidence showed no physical injury but only mental reaction to the object to have been found in the Coca Cola bottle. He went on to cite to the court the case of Cushing Coca-Cola Bottling Co. v. Francis, 1952, 206 Okla. 553, 245 P.2d 84, and alleged that the law in Florida is the same as in Oklahoma.
In some jurisdictions the cases allowing plaintiffs to recover turn on the doctrine of negligence on the part of the manufacturer. Opelika Coca-Cola Bottling Company, Inc. v. Johnson, 1970, 46 Ala.App. 298, 241 So.2d 327. See also, 77 A.L.R.2d at page 257 §§ 25-31. In Opelika the Alabama court said:
"But, whatever the language used, all of the cases hold in effect that when a foreign unwholesome substance is found in a sealed package or bottle of food or beverage, there arises an inference, a prima facie case or presumption of the existence of negligence on the part of the manufacturer or bottler."
We then turn to the reason set forth in the final judgment for the directed verdict and conclude that the trial judge relied upon Cushing and ruled:
"It is the law of Oklahoma that no recovery can be had for mental suffering which is not produced by, connected with, or the result of physical suffering or injury, to the person enduring the mental anguish."
The court, however, in the Cushing case also said:
"An entirely different question would have been presented, had the plaintiff become nauseated and vomited as a result of the taste or toxic effect of the contaminated drink and had the mental condition been a result of or connected with the physical reaction."
In the instant case, the appellant was attempting to get the contents of the bottle out by sucking upon it and discovered the foreign substance. He immediately became nauseated and went outside and vomited. We might be correct in holding that this was sufficient contact to get around the impact doctrine. Many cases, too numerous to enumerate, have held that it is only necessary to show slight impact and that most any contact will suffice. We choose rather to take the position that the trial court based its directed verdict on the lack of impact.
We are not unmindful of our decisions in Carter v. Lake Wales Hospital Association, Fla.App. 1968, 213 So.2d 898, as well as, the case of Kirksey v. Jernigan, Fla. 1950, 45 So.2d 188. However, these cases are certainly distinguishable on their facts. In Carter there was a mistake of identity. The mother was given the wrong baby upon being discharged from the hospital. She immediately discovered the difference and returned the baby. In Kirksey a child was killed while the mother was temporarily absent. She was immediately notified and before she could return to the home the undertakers had taken the child without the plaintiff's authority. The court in that case affirmed the rule that no recovery could be had for mental pain and anguish unconnected with physical injury but they nevertheless allowed the plaintiff to recover for mental pain and anguish on other theories. This is prevalent throughout all the cases. The courts have affirmed the rule but on the factual situation have allowed recovery. We simply think *290 the time has come, as was pointed out in appellant's brief, that in factual situations such as was presented in the instant case, the trend is toward the protection of the ultimate consumer and he will be allowed to recover whatever the theory. See Food Fair Stores of Florida, Inc. v. Macurda, Fla. 1957, 93 So.2d 860.
We rely therefore on Wallace v. Coca-Cola Bottling Plants, Inc., Me. 1970, 269 A.2d 117, 121, and adopt the rule that:
"[I]n those cases where it is established by a fair preponderance of the evidence there is a proximate causal relationship between an act of negligence and reasonably forseeable mental and emotional suffering by a reasonably forseeable plaintiff, such proven damages are compensable even though there is no discernable trauma from external causes."
The evidence shows that it is apparent from a viewing of the Coca Cola bottle that the object was loathsome in nature and it is reasonably foreseeable that its presence did cause nausea and mental distress and the mental distress was evidenced by vomiting. The Wallace case, as in our case, involved vomiting and when they speak of trauma not being required it seems to be external impact rather than a physical symptom of illness. We do not here express an opinion in those cases where there is neither physical impact nor any objective physical symptom such as vomiting which is present in the instant case as it was in the Wallace case.
We have examined various texts in this area and R. Dickerson, PRODUCTS LIABILITY AND THE FOOD CONSUMER (1951) makes the following observation:
"Whenever the plaintiff's condition is directly related to the discovery of the offending condition, it may be taken for granted that psychological factors have played the preponderate part.
"As for the mental and nervous distress itself, the courts have universally allowed it as a legitimate damage item where some of the food is eaten and the distress is caused by or accompanied by illness or physical injury." (Emphasis theirs.)
After reviewing the authorities throughout the country, we come back to the proposition as set forth in Cushing and Wallace, supra, and determine that the rule laid down in Wallace should be followed in Florida. The judgment of the trial court is therefore reversed with directions to set aside the directed verdict and reinstate the jury verdict.
McNULTY, J., and DEAN, ROY E., Associate Judge, concur.