**POCICA, et ux v. BLUE GRASS SHOWS, Inc., et al.**

No. 72-367.

Circuit Court, Lake County.

August 7, 1972.

Michael McDermott of Provitola & McDermott, DeLand, for plaintiffs.

Rush, Marshall, Bergstrom, Robinson & Chapin, Orlando, for both defendants.

Scruggs, Carmichael, Tomlinson, Roscoe & Pridgeon, Gainesville for the defendant Dee Gould.

W. TROY HALL, Jr., Circuit Judge.

This cause came to be heard on August 1, 1972 in chambers at Tavares, Lake County, with counsel from the following firms present at the hearing — Provitola & McDermott, of DeLand, on

behalf of the plaintiffs; Rush, Marshall, Bergstrom, Robinson & Chapin of Orlando, on behalf of both defendants; and Scruggs, Carmichael, Tomlinson, Roscow & Pridgeon of Gainesville, on behalf of the defendant, Dee Gould.

The hearing was called for a ruling by the court on the following motions filed by the defendants —

1. A motion to dismiss the complaint for failure to state a cause of action.

2. A motion to strike the prayer for punitive damages contained in count I.

Counsel for the plaintiffs contended that the complaint stated a cause of action for damages under the dog-bite statute (§767.04, Florida Statutes), and a cause of action for intentional infliction of emotional distress (32 Fla. Jur., *Torts* §15; Kirksey v. Jernigan, 45 So.2d 188), and that the allegations of the complaint were sufficient to allow a prayer for punitive damages (Kirksey v. Jernigan; Florida Standard Jury Instruction 6.12).

Counsel for the defendants contended that although the complaint probably stated a cause of action under the dog-bite statute, there were no allegations sufficient to allow a prayer for punitive damages (9 Fla. Jur., *Damages* §§114, 116, 121), and that the authority cited by counsel for the plaintiffs was factually distinguishable and that therefore no cause of action was stated for intentional infliction of emotional distress.

The court is of the opinion that the defendant, Dee Gould, has waived her right to file motions directed to the complaint by filing an answer (Rule 1.140 - f, h, Florida Rules of Civil Procedure); the two motions, therefore, are deemed to have been made on behalf of the defendant, Blue Grass Shows, Inc., only.

After hearing extensive argument of counsel, the court is of the opinion that the complaint states a cause of action under §767.04, Florida Statutes, and a cause of action for intentional infliction of emotional distress, and that there are sufficient allegations to permit a prayer for punitive damages (authority cited by counsel for the plaintiffs, above).

It is therefore ordered and adjudged that the above motions by the defendant, Blue Grass Shows, Inc., be and the same are hereby denied; it is further ordered and adjudged that the defendant, Blue Grass Shows, Inc. shall have twenty days from the date of this order to file an answer to the complaint.