293 So.2d 800 (1974)
CITY OF DELAND, Florida, et al., Appellants,
v.
FLORIDA TRANSPORTATION AND LEASING CORPORATION et al., Appellees.
No. T-215.
District Court of Appeal of Florida, First District.
May 7, 1974.
C. Allen Watts, Mattingly, Fogle & Watts, De Land, for appellants.
S. LaRue Williams, Kinsey, Vincent, Pyle & Williams, Daytona Beach, for appellees.
PER CURIAM.
Affirmed.
SPECTOR, Acting C.J., and BOYER, J., concur.
McCORD, J., concurs specially.
McCORD, Judge (concurring specially).
The thrust of this appeal is from that portion of a final judgment entered upon a jury verdict awarding appellee Wheeler $1,000 for mental anguish against appellant, City of Deland, Florida. The cause of action on which such recovery was had is an action for intentional infliction of mental anguish upon Wheeler by a police officer of the City of Deland. Contrary to the contentions of appellant, a review of the record shows no substantial evidence to support the view that the police officer had reasonable cause to believe the automobile which had been repossessed by Wheeler's company was a stolen automobile. Also, the evidence was sufficient to support the jury's apparent conclusion that the police officer's action toward Wheeler in requiring him to immediately deliver the legally repossessed automobile to police headquarters for impoundment under implied threat of arrest if he failed to do so was intentional and was such as to cause Wheeler to suffer mental distress, anguish, humiliation, embarrassment, as well as considerable inconvenience. Here, a police officer without any authority took it upon himself to issue a command to a citizen and require that it be obeyed through the implied threat of arrest if the citizen failed to follow his instructions. The apparent predicate for the police officer's action was to assist a friend who had complained to him about the repossession. This case falls within the exception to the rule that recovery cannot be had for pain and anguish unconnected with physical injury. In this connection, the Florida Supreme Court in Kirksey v. Jernigan, Fla., 45 So.2d 188, 17 A.L.R.2d 766, stated as follows:
"... we do not feel constrained to extend this rule to cases founded purely in tort, where the wrongful act is such as to reasonably imply malice, or where, *801 from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages."
See also Korbin v. Berlin, Fla.App., 177 So.2d 551.