325 So.2d 479 (1975)
Laura BROOKS, Appellant,
v.
SOUTH BROWARD HOSPITAL DISTRICT, a Special Tax District d/b/a Memorial Hospital, et al., Appellees.
No. 74-213.
District Court of Appeal of Florida, Fourth District.
December 19, 1975.
Rehearing and Certification Denied February 4, 1976.
Jeanne Heyward, and Harold West, of Meltzer, West, Friesner & Goldman, Miami, for appellant.
Rex Conrad of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees South Broward Hospital District and Continental Ins. Co.
OWEN, Judge.
The tragic facts of this case can be stated quite succinctly. Appellant, while a patient in the appellee-hospital delivered her baby, which, being premature, expired the following day. No negligence is charged to the hospital for the death of the child. However, the hospital through its negligence misplaced and never again located the child's body, as a result of which appellant suffered severe mental anguish and emotional disturbance. There was no evidence of any physical impact or physical injury to appellant, nor any evidence of wantonness, wilfullness or malice on the part of appellee-hospital. Although permitting the case to go to the jury, the court reserved ruling on the hospital's motion for directed verdict and subsequently, after the jury had returned a verdict for the plaintiff, the court granted the defendant-hospital's motion for judgment N.O.V. Appellant assigns that order as error and appellees cross-assign error to one of the jury instructions.
In a line of cases commencing with Dunahoo v. Bess, 146 Fla. 182, 200 So. 541 (1941) and culminating in Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974), the courts of this state have consistently held that there can be no recovery for mental anguish or emotional distress unaccompanied by any physical impact or physical injury to the plaintiff, in the absence of wantonness, wilfullness or malice. See, e.g., Herlong Aviation, Inc. v. Johnson, 291 So.2d 603 (Fla. 1974); Crane v. Loftin, 70 So.2d 574 (Fla. 1954); Kirksey v. Jernigan, 45 So.2d 188, 17 A.L.R.2d 766 (Fla. 1950); Carter v. Lake Wales Hospital Association, Inc., 213 So.2d 898 (2nd DCA Fla. 1968); Kimple v. Riedel, 133 So.2d 437 (2nd DCA Fla. 1961).
*480 We are unable to make any meaningful distinction between the facts of this case and those of the several cases cited above insofar as application of this principle of law is concerned. We therefore conclude that the trial court quite correctly granted the defendant's motion for judgment N.O.V. It is unnecessary for us to decide the issue raised by appellees' cross-assignment of error.
Affirmed.
WALDEN, C.J., and CROSS, J., concur.