385 So.2d 1076 (1980)
Joseph SCHEUER and Harriet Rubin, Appellants,
v.
Richard P. WILLE, Sheriff of Palm Beach County; Dale Allen; and William F. Howard, d/b/a Howard Funeral Home, Appellees.
No. 78-2357.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
Rehearing Denied August 5, 1980.
*1077 Richard G. Lubin of Nason, Gildan, Yeager & Lubin, P.A., West Palm Beach, for appellant.
D. Culver Smith, III, of Adams, Coogler, Watson & Smith, West Palm Beach, for appellees Wille and Allen.
Richard H. Gaunt, Jr., Law Offices of Frank G. Cibula, Jr., West Palm Beach, for appellee William F. Howard, d/b/a Howard Funeral Home.
ANSTEAD, Judge.
Appellants, plaintiffs below, appeal the entry of an adverse final summary judgment on their complaint charging appellees with the intentional infliction of emotional distress.
The appellants, brother and sister, are residents of New York. When their mother, a widow, died in a Florida hospital, the hospital requested that the local sheriff make arrangements for the removal of the body to a funeral home. After being unable to contact the appellants who were in transit to Florida at the time, Dale Allen, a deputy sheriff, requested, pursuant to a standard procedure of the sheriff's office, that the body be picked up by the Howard Funeral Home whose name was selected from a rotation list prepared by the sheriff's office for such purposes. The funeral home, without attempting to ascertain or contact the deceased's next of kin and with some knowledge of the religious beliefs of the deceased in connection with death and burial, immediately embalmed the body, in violation of the religious tenets of the deceased.[1]
The trial court denied the funeral home's motion to dismiss but granted its motion to strike a claim for punitive damages on the basis that the allegations of the complaint were insufficient to sustain such an award. Subsequently, summary judgment was entered in favor of all of the appellees.
We have reviewed the record and believe that summary judgment was properly entered in favor of the sheriff and his employee. However, we believe the entry of summary judgment in favor of the funeral home was erroneous.
*1078 To state a cause of action for the intentional infliction of emotional distress a complaint must allege facts which, if proven, would also support an award of punitive damages. Rupp v. Jackson, 238 So.2d 86 (Fla. 1970); Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950); Kimple v. Riedel, 133 So.2d 437 (Fla.2d DCA 1961). These decisions, supra, have recognized such a cause of action in a variety of factual situations involving the care of dead bodies and are exemplified by the following statement set out in Kirksey v. Jernigan, supra:
The right to recover, in such cases is especially appropriate to tortious interference with rights involving dead human bodies, where mental anguish to the surviving relatives is not only the natural and probable consequence of the character of wrong committed but indeed is frequently the only injurious consequence to follow from it. Id. at 189
Howard contends that summary judgment was mandated because the trial court had stricken appellants' claim for punitive damages. Howard reasons that if the allegations do not state a claim for punitive damages they cannot state a claim for intentional infliction of emotional distress. While we agree with this reasoning, we do not agree that the entry of summary judgment is appropriate in such circumstances. The sufficiency of the allegations of the complaint should be determined on a motion to dismiss, not by summary judgment. General Portland Development v. Stevens, 356 So.2d 840 (Fla.4th DCA 1978).
We also are of the view that there was an issue of fact as to the funeral home's knowledge of the adverse consequences of its decision to immediately embalm the body. In addition, both sides have cited various regulations governing the conduct of funeral homes that give rise to factual issues as to the authority of the funeral home to act as it did under the circumstances of this case.
For all of the above reasons we believe it was premature and erroneous to enter summary judgment for the funeral home. Accordingly, the judgment is hereby affirmed in part and reversed in part and remanded with directions for further proceedings in accordance with this opinion.
DOWNEY and MOORE, JJ., concur.
NOTES
[1] In answer to an interrogatory the funeral home stated that it was aware that the deceased was of the Jewish faith and because of such knowledge it had saved two bottles of blood to be buried with her. It is alleged that the removal of blood from the deceased's body was a sacrilege resulting in serious spiritual harm to the soul of the deceased as well as emotional distress to the appellants.