388 So.2d 40 (1980)
Leola S. PAUL, Appellant,
v.
OSCEOLA COUNTY, a Political Subdivision of the State of Florida, and Helen Blakeman, Appellees.
No. 79-1151/T4-572.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
George L. Winslow, Jr., Orlando, for appellant.
Murray W. Overstreet, Jr., Kissimmee, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals an order dismissing her second amended complaint with prejudice for the wrongful extermination of her seven-toed cat. We reverse. The point raised on appeal is whether the county is immune from suit for the wrongful act of the county's animal control center.
Appellant was the owner of a seven-toed cat, aptly named "Big Foot." "Big Foot" (perhaps to pass on to future generations his unique paw characteristic) strayed. He was later found dead by the side of a road. Appellant claimed that an employee of the animal control center had negligently killed the cat prior to the expiration of the three-day waiting period required by county practice and then placed the cat by the side of the road to cover up the center's action.
The value of a cat, even one with seven toes on both front feet, would not seem to justify the expense to the harassed taxpayer to put in motion the wheels of justice which have churned away in this suit. However, the point addressed is unique and we are mindful that anyone who has enjoyed the companionship and affection of a pet will often spend far in excess of any possible market value to maintain or prolong its life; therefore, the motive for redress is equally strong.
Appellees moved to dismiss the complaint on the following grounds:
(1) the complaint failed to state a cause of action against the appellees by failing to state a cause of action which would prevail against a private person; and
(2) the complaint failed to state a cause of action against the appellees by failing to state a breach of a special duty of due care owed to the appellant rather than a duty owed to the public in general.
However, the matter is controlled by Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). See also Wojtan v. Hernando County, 379 So.2d 198 (Fla. 5th DCA 1980). Therefore, it was error for the court to rule that the complaint was insufficient because the county was immune from suit.
While not argued by appellees or a basis for the court's decision below, count I of the complaint includes as a part of the claim for damages, the following: "[M]ental and emotional pain and suffering" as a result of the negligent conduct of plaintiff. We address this because our reversal and remand may be interpreted as an approval of this portion of the complaint. In Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950), annot. 17 A.L.R.2d 766 (1951), the supreme court acknowledged its commitment to the rule that there could be no recovery for mental pain unconnected with physical hurt in an action *41 arising from negligent breach of a contract when simple negligence was involved. The court then remarked that the rule would not, however, be extended to cases purely in tort "where the wrongful act is such as ... reasonably [to] imply malice, or where ... from great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages." Kirksey at 189. In LaPorte v. Associated Independents, Inc., 163 So.2d 267 (Fla. 1964), the supreme court stated, in resolving a conflict with Kirksey:
[T]he restriction of the loss of a pet to its intrinsic value in circumstances such as the ones before us is a principle we cannot accept. Without indulging in a discussion of the affinity between `sentimental value' and `mental suffering', we feel that the affection of a master for his dog is a very real thing and that the malicious destruction of the pet provides an element of damages for which the owner should recover, irrespective of the value of the animal because of its special training such as a Seeing-Eye dog or a sheep dog.
Therefore, absent an allegation of malice or intentional destruction of the cat, count I is insufficient to support a claim for damages for pain and suffering. However, since this point has never been raised in the trial court, we think appellant should be given the opportunity to make the proper allegations in amended pleadings prior to any dismissal with prejudice.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.