## GERSON v. BRAGMAN
### Case No. 83-095 AP
Eleventh Judicial Circuit, Appellate Division, Dade County

December 19, 1983

### APPEARANCES OF COUNSEL

**Leanne J. Frank** for appellant.

**Steven A. Harris** for appellee.

Before KLEIN, KORVICK AND SHAPIRO, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

We are asked to readdress the untimely doleful demise of a member of the class, Aves, that African Grey Parrot commonly called Congo. Appellant, Dr. Leslie Gerson, squawks at the decision of the lower Court. The Doctor contends that Congo's flight to bird heaven was not precipitated by the Doctor's action, but by outside influences. He further screeches at the inclusion of an award of damages for pain and suffering which he maintains flies in the face of logic and the law.

The problem arose when our fine, feathered friend, Congo, was brought by its owner to the office of the good veterinarian for the purpose of retarding Congo's natural mode of transportation. In other

words, Congo's owner wanted Congo's wings clipped. The testimony further reveals that Congo's toes and beak were to be manicured.

It was while Congo was encased in a towel held by the Doctor that Congo ceased tweeting. In fact, Congo stopped breathing altogether. He had flown his final flight.

The statement of claim filed in the trial Court sought redress in the amount of $900.00. No breakdown was given as to how this sum was calculated. At trial, Appellee testified she purchased her fluttering friend for $395.75. In addition, she paid $150.00 to train her gregarious grey. This totals to $545.75. There was no testimony as to any malice on the part of the Doctor nor of any indifference displayed by him in handling the bird. See *Paul v. Osceola County,* 388 So.2d 40, 41 (Fla. 5th DCA 1980) and *Knowles Animal Hospital v. Wills,* 360 So.2d 37, 39 (Fla. 3d DCA 1978).

Testimony supports the lower Court in awarding the sum of $547.75, which we recognize is a mere pittance for the passing of a pet, but which is the only sum justified. No award for pain and suffering should have been made. The Doctor's argument concerning pre-existing conditions is without merit. When Appellee rejected the Doctor's examination, the Doctor could have refused to perform the requested acts on Congo. This he didn't do. He tacitly agreed to minister to the bird in its existing condition.

For the reasons cited herein, we affirm the award of $545.75 but reverse the award of $354.25 which was apparently given to salve Appellee's wounds. Accordingly, this case is remanded with instructions to the lower Court to enter judgment consistent with this opinion.

It is so Ordered.