DELL, Judge.
Appellants challenge an order dismissing their amended complaint with prejudice in a case concerning the mishandling of a corpse.
Appellants, relatives of the deceased Beth Sherer, alleged in their complaint that they entrusted the body of the decedent to appellees’ care to provide all funeral services including preparation of her corpse for an open casket service and burial. They further alleged that when they arrived at the funeral home they found another body dressed in decedent’s burial clothing.
Appellees’ employees allegedly spent one-half hour trying to convince appellants that the body was the decedent. Upon admitting their error, appellees made arrangements to have the decedent’s corpse delivered from storage. Appellees then removed the burial clothing from the wrong corpse and, rather than properly dressing and preparing the decedent’s corpse for the planned open casket service, simply threw the burial clothing over the unprepared corpse leaving numerous ugly bruises on her arms exposed. Appellants filed suit to recover for pain, suffering and mental anguish. On motion to dismiss, appellants’ counsel conceded there was nothing further to allege. Thus the trial court dis *1177 missed the amended complaint with prejudice.
Appellants recognize that under present Florida law they cannot recover for pain, suffering and mental anguish absent some impact or physical injury unless they can show willful, wanton or malicious behavior. Gilliam v. Stewart, 291 So.2d 593 (Fla.1974). The courts of Florida have recognized the right to recover for mental pain and anguish where malice can be implied or imputed from an entire want of care or great indifference of others. Therefore, the issue is whether the facts in this case are sufficient to imply or impute malice. See Crane v. Loftin, 70 So.2d 574 (Fla.1954).
Appellants rely on Kirksey v. Jernigan, 45 So.2d 188 (Fla.1950). In Kirksey, an undertaker took the body of a five year old child, killed by accident, from her home in her mother’s absence. The mother went to the undertaker and demanded the release of the body. The undertaker refused, embalmed the body, and would not release the body until the mother paid an excessive fee. The court stated:
[Wjhere the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages. See 15 AmJur., Damages, Sec. 179, page 596; Restatement of Torts, Section 47(b). The right to recover, in such cases, is especially appropriate to tortious interference with rights involving dead human bodies, where mental anguish to the surviving relatives is not only the natural and probable consequence of the character of wrong committed, but indeed is frequently the only injurious consequence to follow from it.
Id. at 189.
In another case involving the mishandling of a corpse, the court did not find the facts sufficient to imply or impute malice. In Estate of Harper v. Orlando Funeral Home, Inc., 366 So.2d 126 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 637 (Fla.1980), a casket provided by the funeral home began falling apart as the pallbearers carried the body to the grave. The complaint sought recovery for damages under several counts. Although the district court found the result reasonably foreseeable because of the inadequate and defective construction of the coffin, the court apparently found that such conduct did not exceed all bounds reasonably tolerated by society such as to imply malice for the entire want of care or great indifference. Thus the court approved the dismissal of the count requesting damages for mental pain and suffering.
In our view, appellants have alleged sufficient ultimate facts to state a cause of action under the rationale of Kirksey v. Jernigan, supra. Accordingly, we reverse the order dismissing appellants’ amended complaint and remand this cause for further proceedings consistent herewith.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.