SMITH, Judge.
The Bowmans appeal an order entering summary judgment in favor of Arthur B. Davies, III, as personal representative of the Estate of Daniel Bowman, deceased (estate) in their action to enforce an oral contract and/or impose a constructive trust. We reverse.
The estate sought to dismiss Counts I and II of the Bowmans’ Amendment to Second Amended Complaint on several grounds, among them, that appellants had not alleged possession of the property sufficient to overcome the statute of frauds defense, that the allegations of a confidential relationship were insufficient, and that the Bowmans were barred from recovering because 20 years had elapsed from the recording of the deeds conveying the lands to Daniel Bowman, the deceased. This latter ground was based upon section 95.231, Florida Statutes (1987). The trial court eventually denied the estate’s motion, relying, in part, upon Holland v. Hattaway, 438 So.2d 456 (Fla. 5th DCA 1983) (section 95.231 is a curative statute not a traditional statute of limitations).
Later, without any significant discovery being accomplished in the case, a different trial judge entered summary judgment on Counts I and II of the complaint. Inexplicably, the judgment is based upon the inadequacy of the allegations of the complaint. In the judgment, the trial court recited that the Bowmans failed to demonstrate possession necessary to remove this action from the operation of the statute of frauds; that they did not have a confidential or fiduciary relationship with the decedent which would justify the imposition of a constructive trust; and that the action was barred by laches.[1] With regard to the imposition of laches, the court relied upon Wadlington v. Edwards, 92 So.2d 629 (Fla.1957) and Hallam v. Gladman, 132 So.2d 198 (Fla. 2d DCA 1961), cases which were decided in part based upon section 95.23, the predecessor to section 95.231.
The sufficiency of the allegations of a complaint should be determined on a *1334 motion to dismiss, not by summary judgment. Scheuer v. Wille, 385 So.2d 1076 (Fla. 4th DCA 1980). The sufficiency of the allegations of the Amendment to Second Amended Complaint survived the estate’s motion to dismiss, and nothing has been added to the record to afford a basis for the trial court’s summary judgment.[2] No facts were adduced below or were made a part of the record which substantiate the findings in the summary judgment.
The correctness of the trial court’s order denying the motion to dismiss, an unappealable interlocutory order, is not before us. Accordingly, issues of fact regarding possession, confidential relationship, and laches remain and the summary judgment was premature. See generally Baskin v. Griffith, 127 So.2d 467 (Fla. 1st DCA 1961).
WIGGINTON and KAHN, JJ., concur.

. The estate did not argue laches in its memorandum of law accompanying the motion for summary judgment.

. Even in cases where summary judgment is proper, if it appears that the unsuccessful party may have a cause of action if properly pled, the proper procedure is to grant the motion for summary judgment with leave to amend. See Sea Shore Motel Corp. v. Fireman's Fund Insurance Co., 233 So.2d 651 (Fla. 4th DCA 1970), cert. denied, 238 So.2d 425 (Fla.1970).