## ZALIS *v.* BLUMENTHAL, ET AL.

[No. 304, September Term, 1968.]

*Decided June 25, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Joseph A. Mattingly* for appellant.

*Charles A. Carlton,* with whom were *Shapiro & Weil* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

The appellant Zalis, who seemingly never has been licensed as a real estate broker and was last licensed as a real estate salesman for the 1963 license year (May 1, 1963 to April 30, 1964), sued the appellees, licensed real estate brokers trading as Riggs Realty, for that they did agree to pay him:

> "a finder's fee [of $15,000] under written contract dated July 23, 1965 [which read "It is hereby agreed that Walter M. Blumenthal, T/A Riggs Realty will pay a finder's fee of $15,000 to Herbert Zalis upon settlement and disbursement of the commission received by him for the sale of the Dyke and Ina Mae Cullum Farm. If sale is consummated solely to Leroy Hoffberger"] * * * upon settlement and disbursement of the commission received by [Walter Blumenthal, one of appellees] for the sale of the Dyke and Ina Mae Cullum Farm * * *,"

and that Blumenthal received a "real estate commission" of $45,000 on the sale of the Cullum Farm to Hoffberger and failed to pay to Zalis the agreed upon $15,000.

The appellees filed a motion pursuant to Maryland Rule 323 for dismissal of the suit because "the Plaintiff was not a licensed real estate salesman or broker at the time he alleges he earned the commission [for which he sued]." Judge Pugh granted the motion and gave judgment for the appellees, saying:

> "Since the agreement is for the payment of a part of the commission from the sale of real estate, it is the Court's opinion that said agreement is included in the [statutory] definition of a real estate broker * * * and that since the plaintiff did not have a licence to sell real estate under the laws of this State * * * [he] would not be entitled to recover and the Court therefore finds that the preliminary objection * * * should be sustained."

We agree with Judge Pugh. The statutes grouped under the subtitle "Real Estate Brokers" in Code (1968 Repl. Vol.), Art. 56, constitute a regulatory plan for the benefit of the public, *Smirlock v. Potomac,* 235 Md. 195, and the courts will not aid an unlicensed person who claims under a contract that under the regulatory plan only a licensed person could make to recover on his unlawful contract, not for the sake of the defendant but because the law ordinarily will not aid a man who founds his cause of action upon his own illegal act. *Thorpe v. Carte,* 252 Md. 523, 529.

Section 212 (a) of Art. 56 of the Code defines "real estate broker" as one who for another and for a valuable consideration sells or purchases real estate "or who attempts or who offers" to perform such function. Section 212 (b) defines "real estate salesman" as one licensed to perform for a broker any act the broker lawfully can perform. Section 212 (e) provides that one:

> "who, for another, in consideration of compensation * * * or upon the promise of receiving or collecting a fee, does, offers or attempts or

> agrees to do, engages in or offers or attempts or agrees to engage in, either directly or indirectly, any single act or transaction contained in the definitions of a real estate broker or real estate salesman \* \* \* whether said act be an incidental part of a transaction or the entire transaction,"

shall constitute such person a real estate broker or real estate salesman as defined in subsections (a) and (b) of § 212.

It seems clear that Zalis did what only a licensed broker or salesman lawfully could do. *Smirlock v. Potomac, supra,* 235 Md. 195, 200, construing *Harlan v. Simering,* 163 Md. 609, 613-614, and the present statutes; *Schwartze v. Yearly,* 31 Md. 270, 277; *Keener v. Harrod,* 2 Md. 63; *Corson v. Keane* (N. J.), 72 A. 2d 314. It is demonstrable that because he violated the statutes he may not recover the agreed upon fee. Section 228 of Art. 56 of the Code provides:

> "No action or suit shall be instituted, nor recovery therein be had, in any court of this State by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this subtitle to other than licensed real estate brokers and real estate salesman unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker or real estate salesman prior to the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation for any such contemplated act or service."

*Thorpe v. Carte* and *Smirlock v. Potomac* both hold that § 228 clearly says what was legislatively meant and judicially means what was legislatively said.

*Judgment affirmed, with costs.*