James E. CADDELL, Appellant,

v.

Richard M. SINGER and Diana Sue Singer and R. M. Singer & Associates, Inc., a body corporate and Spring Run Limited Partnership and R. G. R. Frostburg Associates and R. G. R. Mount Sterling Associates and R. G. R. Monticello Associates, Appellees.

No. 80–1352.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1981.

Decided July 10, 1981.

Stanley R. Jacobs, Bethesda, Md., for appellant.

Allan Malester, Baltimore, Md. (Alan R. Sachs, Gerard P. Uehlinger, Gloria M. Belgrad, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., on brief), for appellees.

Before BUTZNER, PHILLIPS and ERVIN, Circuit Judges.

BUTZNER, Circuit Judge:

James E. Caddell appeals from an order of the district court dismissing under Federal Rule of Civil Procedure 12(b)(6) his diversity action against Richard M. Singer, other individuals, partnerships, and a corporation (referred to collectively as Singer). We are unable to say that the complaint, if read in the light most favorable to the complainant with every doubt resolved in his behalf, fails to state any valid claim for relief. We therefore reverse and remand.

Caddell, who had no real estate broker's license, alleged that under an oral agreement employing him to obtain commercial leases for shopping centers being developed by Singer, he was to be paid a fixed salary plus a commission of not less than 3% of gross rentals. According to the complaint, Caddell received his fixed salary but not the commissions due him for obtaining 22 tenants. In an amended complaint, Caddell added allegations of fraud. He asserted that although Singer knew that Caddell needed a broker's license, Singer, with the intention of avoiding payment of the commissions, assured him that none was required.

Singer moved to dismiss both the original and amended complaints for failure to state a cause of action. The court granted Singer's motions, ruling that sections 212–232A of article 56 of the Maryland Code conclusively prohibit Caddell from any recovery because he did not have a real estate broker's license. It held that allowing recovery for fraud would frustrate the purposes of the licensing laws.

■ Because the complaint was dismissed at the pleading stage, we accept its allegations as true. *Gardner v. Toilet Goods Association*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967). Moreover, "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint as amended raises questions that have not been addressed by the Maryland Court of Appeals in the factual context presented by these pleadings. Under such circumstances, it is "important ... that the conceptual legal theories be explored and assayed in the light of actual facts, not a pleader's supposition." *Shull v. Pilot Life Insurance Co.*, 313 F.2d 445, 447 (5th Cir. 1963).

■ The Maryland Code pertaining to the licensing of real estate brokers was enacted to protect the public. *Smirlock v. Potomac Development Corp.*, 235 Md. 195, 202, 200 A.2d 922, 926 (1964). Without reciting in detail the statutory requirements and exceptions, it is apparent that the Code's application requires a thorough exposition of the facts concerning Singer's business, Caddell's duties, and the contractual relationship that existed between them. Maryland cases illustrate that summary resolution is inappropriate; the Code should only be applied after all of the facts had been developed. For example, in *Zalis v. Blumenthal*, 254 Md. 265, 254 A.2d 692 (1969), and *Smirlock v. Potomac Development Corp.*, 235 Md. 195, 200 A.2d 922 (1964), independent brokers who were not employees of the defendants were denied recovery of commissions because they were unlicensed in Maryland. In contrast a landlord's employee who managed a building, rented the premises, and collected rents was allowed to recover a commission on the rents even though he was unlicensed. *Weil v. Lambert*, 183 Md. 233, 37 A.2d 312 (1944).

None of these cases is precisely on point, but they suggest a line separating invalid claims from the meritorious. Full development of the facts, as in the Maryland cases, is required to determine on which side of this line Caddell's claim falls. The record leaves unanswered such pertinent questions as the following: Did Caddell act as an independent broker by simply procuring tenants on Singer's terms? Did he participate in management functions by negotiating terms of the tenants' leases? If the latter, was he entitled to exemption from the license requirements under *Weil* or under a recently enacted provision of the Code whose retroactive application appears to have been assumed, but not decided, by the district court?

We further conclude that the amended complaint charging fraud in the procurement of Caddell's employment should not have been dismissed under Rule 12(b)(6). This issue also requires development of additional facts concerning Caddell's alleged employment contract. If he were Singer's employee, as distinguished from an independent broker engaged by Singer, the law governing employer-employee relationships, rather than the provisions of the Code pertaining to real estate brokers, might be controlling. Identification of Caddell's status and application of the correct body of law involves the question whether under all the facts and circumstances Singer, in the context of its contractual relationship with Caddell, should be considered a member of the general public whom the licensing laws are designed to protect. The Maryland Court of Appeals does not appear to have ruled on a similar question, and we deem a full exposition of the facts essential to its resolution. *See Shull v. Pilot Life Insurance Co.*, 313 F.2d 445 (5th Cir. 1963).

It may well be that disposition of Caddell's claims can be made by summary judgment. On this we express no opinion. We conclude, however, that the amended complaint is sufficient to withstand dismissal for failure to state a cause of action.

The judgment of dismissal is vacated, and the case is remanded for further proceedings. Caddell shall recover his costs.