820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tony Leon PIERCE, Plaintiff-Appellant,
v.
Paul DAVIS, Warden; Thomas R. Corcoran, Deputy Warden;
John Doe, Officer; Mayor and City Council of
Baltimore, Defendants-Appellees.
 No. 86-7374.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1987.
Decided June 8, 1987.
 
 Before MURNAGHAN and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Elizabeth M. Kameen (Daniel F. Goldstein; Brown & Goldstein, on brief), for appellant.
 William Rowe Phelan, Jr., Assistant City Solicitor (Benjamin L. Brown, City Solicitor; J. Shawn Alcarese, Special Solicitor, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Appellant Tony Leon Pierce appeals from dismissal of his Complaint against three individuals (including one "John Doe") and the Mayor and City Council of Baltimore ("the municipality"), and from a denial of leave to file an Amended Complaint against the same Appellees.
 
 
 2
 * Pierce filed his Complaint in the United States District Court for the District of Maryland on January 2, 1986. Pierce's Complaint purports to state claims under 42 U.S.C. Sec. 1983 and Maryland law, arising out of his confinement at the Baltimore City Jail ("the Jail") from July 19, 1984 to some time thereafter.
 
 
 3
 The Complaint alleges that, at approximately 6:30 p.m. on July 21, 1984, Pierce was returning from church services to his cell, passing through a tunnel connecting the North and South buildings of the Jail. The Complaint states that Pierce was set upon by another inmate, repeatedly stabbed, and robbed.
 
 
 4
 The Complaint claims that no attempt was made by Appellees to ensure that only inmates returning from church service were in the tunnel, that no comparisons were made of the numbers of incoming and outgoing inmates, and that the tunnel was under neither personal nor electronic surveillance by the staff of the Jail. The Complaint alleges that the Appellees knew or should have known of the dangerous conditions in the tunnel.
 
 
 5
 The Complaint claims that the Mayor and City Council of Baltimore's
 
 
 6
 policies with regard to, acceptance of, acquiescence in, and failure to take corrective action to remedy the long standing inadequate security and the pervasive risk of harm to prisoners at the Jail after repeated notice of these problems, amounted to the establishment of a policy, custom, practice, and/or usage by the [municipality] of permitting, encouraging, and conditioning [condoning? sic] violent assaults and robberies by inmates against other inmates.
 
 
 7
 The Complaint further claims that all of the Appellees acted with "negligence, gross negligence, and/or deliberate indifference to the personal safety of [Pierce] and failed to exercise reasonable care...." Pierce's Complaint was submitted through counsel.
 
 
 8
 On February 19, 1986, Appellees filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief may be granted. Pierce responded on April 14, 1986.
 
 
 9
 On October 23, 1986, the district court, without a hearing or argument, granted Appellees' motion. The district court ruled that Pierce's Complaint did not state a claim under 42 U.S.C. Sec. 1983 against any of the Appellees. The district court dismissed Pierce's pendent state law claims because there no longer was a viable federal cause of action. UMW v. Gibbs, 383 U.S. 715, 724 (1966).
 
 
 10
 On November 3, 1986, Pierce filed a motion under Fed. R. Civ. P. 15(a) and 59(e) for leave to file an Amended Complaint, thereby staying the time for appeal. Fed. R. App. P. 4(a)(4)(iii). Pierce's motion states in part:
 
 
 11
 3. As a result of information received after the filing of the complaint in this case, plaintiff's counsel can allege in good faith that upon information and belief, two other incidents of violence had occurred in the tunnel before the incident complained of.
 
 
 12
 The motion contains no further detail regarding the alleged prior incidents.
 
 
 13
 The proposed Amended Complaint also provides in part:
 
 
 14
 14. Prior to the stabbing of Tony Leon Pierce, upon information and belief, at least two other violent incidents between inmates had occurred in the tunnel.
 
 
 15
 The proposed Amended Complaint alleges no additional information about the prior incidents.
 
 
 16
 The district court denied leave to file the proposed Amended Complaint. It is clear, however, that the district court had reviewed Pierce's motion and the proposed Amended Complaint in reaching its decision. The district court denied Pierce's motion in an order entered on November 14, 1986. Pierce timely filed a notice of appeal on December 9, 1986. Fed. R. App. P. (4)(a)(1).
 
 II
 
 17
 Pierce appeals both from the dismissal of his original Complaint and the denial of leave to file his proposed Amended Complaint. His counsel conceded at oral argument on the instant appeal that because the district court reviewed the sufficiency of the proposed Amended Complaint in deciding to deny leave for its filing, that order should be reviewed as if the district court had granted leave but then dismissed the Amended Complaint. As to both the Complaint and the Amended Complaint the sole question therefore is whether a cause of action was stated under 42 U.S.C. Sec. 1983.
 
 
 18
 In evaluating a motion to dismiss for failure to state a claim upon which relief may be granted, a district court must presume all factual allegations of a claim to be true, and all reasonable inferences must be made in favor of the claimant. Hughes v. Rowe, 449 U.S. 5, 10 (1980); 2A J. Moore & J. Lucas, Moore's Federal Practice p 12.07[2.--5] (1986). The same rule applies on appeal from a dismissal on that ground. Caddell v. Singer, 652 F.2d 393, 394 (4th Cir.1981).
 
 
 19
 A claim should not be dismissed unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 67, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 20
 * Pierce has sued, inter alia, three individual Appellees: the Warden and Assistant Warden of the Jail, and (as a John Doe) the member of the Jail staff responsible for the supervision of Jail inmates returning from church services to their cells.
 
 
 21
 Individuals are not vicariously liable and cannot be sued under 42 U.S.C. Sec. 1983 by virtue of respondeat superior. Wright v. Collins, 766 F.2d 841, 850 (4th Cir.1985). The liability standard for individuals under 42 U.S.C. Sec. 1983 turns on what federally protected right the plaintiff alleges was violated. Daniels v. Williams, --- U.S. ----, ----, 106 S.Ct. 662, 664 (1986).
 
 
 22
 In the area of personal injury suits brought by prisoners, it is clear that negligence alone is an insufficient basis for individual liability under 42 U.S.C. Sec. 1983, Daniels, 106 S.Ct. at 665 (due process claim); Whitley v. Albers, --- U.S. ----, ----, 106 S.Ct. 1078, 1084, 1086 (1986) (discussing cruel and unusual punishment claims); even if state law provides no post-deprivation remedy. Davidson v. Cannon, --- U.S. ----, ----, 106 S.Ct. 668, 670-71 (1986) (due process claim).
 
 
 23
 It is equally clear that a prisoner personal injury claim based upon intentional conduct is sufficient to state a cause of action for violation of due process under 42 U.S.C. Sec. 1983. Daniels, 106 S.Ct. at 665-67. However, the Supreme Court of the United States has not yet ruled on "whether something less than intentional conduct, such as recklessness or 'gross negligence,' is enough to trigger the protections of the Due Process Clause." Id. at 667. Cf. City of Springfield, Mass. v. Kibbe, --- U.S. ----, 107 S.Ct. 1114 (1987) (dismissing writ of certiorari as to whether gross negligence stated a due process claim under 42 U.S.C. Sec. 1983 as improvidently granted because the municipality had not preserved the issue); Whitley, 106 S.Ct. at 1084 (unnecessary and wanton infliction of pain on convicted prisoners constitutes cruel and unusual punishment).
 
 
 24
 In the instant case, Appellees essentially contend that we need not reach the question of whether or when something less than intentional conduct will state a cause of action under 42 U.S.C. Sec. 1983 in a prisoner personal injury case, because the facts pleaded by Appellant Pierce, however conclusively denominated, amount to nothing more than allegations of simple negligence.
 
 
 25
 The conclusory allegation of something more than negligence is not given a presumption of truthfulness on a motion to dismiss for failure to state a claim upon which relief may be granted. 2A J. Moore & J. Lucas, Moore's Federal Practice p 12.07[2.-5] (1986).
 
 
 26
 Pierce's Complaint alleges that Appellees knew or should have known of the allegedly dangerous conditions in the tunnel. Without any elaboration it refers to "repeated notice" of the problem.
 
 
 27
 Lack of due care is an insufficient basis for individual liability in the type of case before us. Davidson, 106 S.Ct. at 670. In Davidson the prisoner/plaintiff had sent a note to prison officials reporting a threat against him by another inmate. Id. at 669. The prison official to whom the note was forwarded simply forgot about it, and the plaintiff was attacked before that official was next on duty. Id. There was some basis for the prison official's having believed that the threat was not particularly serious. Id. Since the allegations in Davidson were insufficient to plead more than negligence, we cannot find that Pierce's general allegations, unsupported by any specific factual averments about Appellees' knowledge of prior incidents, or about the incidents themselves, establish anything more than negligence.
 
 
 28
 The same conclusion must be drawn as to Pierce's proposed Amended Complaint. While it identifies a specific number of prior incidents, two, it alleges nothing more about when they supposedly occurred or anything else. The amorphous assertion, even though assumed to be true, is not enough to establish anything more than at most negligence on the part of the individual Appellees. The district court therefore did not err in dismissing the Complaint or in denying leave to file (in substance dismissing) the proposed Amended Complaint against the individual appellees.
 
 B
 
 29
 Municipalities, like individuals, cannot be made liable under 42 U.S.C. Sec. 1983 by virtue of respondeat superior. Kentucky v. Graham, --- U.S. ----, ----, 105 S.Ct. 3099, 3106, 3107 (1985); Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691-95 (1978). A municipality can only be liable under 42 U.S.C. Sec. 1983 if it has deprived a person of federally protected rights " 'pursuant to official municipal policy of some nature....' " Pembaur v. City of Cincinnati, --- U.S. ----, ----, 106 S.Ct. 1292, 1294 (1986) (citation omitted). There sometimes are such municipal policies "by omission." Milligan v. City of Newport News, 743 F.2d 227, 229-30 (4th Cir.1984); Hitt v. Cox, 737 F.2d 421, 425 (4th Cir.1984).
 
 
 30
 The only conceivable municipal policy in the instant case based upon the presumably true factual allegations of the Complaint is one of deliberate indifference to the dangerous conditions of the tunnel. Pierce alleges facts supporting nothing more than a failure to act save in utterly conclusory fashion. However, even though presumed true, Pierce's allegations regarding prior incidents in the tunnel are so superficial that they cannot support a finding of any municipal policy whatsoever. The same is true of his only marginally more specific proposed Amended Complaint. The district court therefore did not err in dismissing the Complaint or in denying leave to file (in substance dismissing) the proposed Amended Complaint against the municipal appellee.
 
 III
 
 31
 Neither Pierce's Complaint nor his proposed Amended Complaint states a cause of action under 42 U.S.C. Sec. 1983 against any Appellee. The district court therefore did not err in dismissing the original Complaint nor in denying leave to file the proposed Amended Complaint. We affirm.
 
 
 32
 AFFIRMED.