691 So.2d 1162 (1997)
Cathy LEADINGHAM, Appellant,
v.
Sigrid S. WALLACE, Appellee.
No. 96-882.
District Court of Appeal of Florida, Fifth District.
April 18, 1997.
Steven R. Kutner, Maitland, for Appellant.
No appearance for Appellee.
HARRIS, Judge.
Sad to say, but David Leadingham, Jr. appears to be more popular after death than before. The contest here is between an ex-wife and an ex-girlfriend, each the mother of two of Mr. Leadingham's children, as to which should have the right to bury him. Mr. Leadingham left a suicide note requesting that he be buried in Florida so that his children by his girlfriend could visit his grave. In order to honor Mr. Leadingham's wish, Ms. Wallace, the girlfriend, petitioned to be named curator for the sole purpose of burying him in Florida. She alleged that she was entitled to appointment because she was named by a majority of Mr. Leadingham's relativeshis three half-sisters. Mrs. Leadingham, on the other hand, at the behest of Mr. Leadingham's father (who could not qualify as curator because of a felony record), petitioned to be named curator so that he could be buried in West Virginia. It is agreed that Mr. Leadingham's half-sisters as well as his former wife and his children by her have had no contact with Mr. Leadingham for some years. It is also admitted that Ms. Wallace was estranged from Mr. Leadingham at the time of his death.
The trial court found that Ms. Wallace was entitled to the appointment and that Mr. Leadingham, while lucid, expressed his desire *1163 to be buried in Florida so that his "kids" could visit his grave. The record reflects that, indeed, Mr. Leadingham was buried in Florida.
Mrs. Leadingham appeals, claiming that the court erred in finding Ms. Wallace "solely" qualified to act as curator. Mrs. Leadingham appears to concede that she would not qualify under the Florida requirements for the appointment of a curator or a personal representative because she is not a resident of Florida nor does she fit into any exception to that requirement. Her claim is that since she sought only the right to bury Mr. Leadingham and not manage his estate, her rights are not dependent on being named curator. She instead relies on the language in Kirksey v. Jernigan, 45 So.2d 188, 189 (Fla.1950):
It is well settled that, in the absence of testamentary disposition to the contrary, a surviving spouse or next of kin has the right to the possession of the body of a deceased person for the purpose of burial, sepulture or other lawful disposition which they may see fit.
While admittedly the note left by Mr. Leadingham was not probatable[1], our problem is not solved by Kirksey. Mr. Leadingham has four children who appear to qualify as his next of kinthe two children by Mrs. Leadingham and the two out-of-wedlock children (appropriately recognized by Mr. Leadingham) by Ms. Wallace.
In any event, the Kirksey argument was not made to the trial court. There, the issue admittedly was who should be appointed curator for the purpose of selecting where Mr. Leadingham should be buried. We find no error in the trial court's selection of Ms. Wallace for the appointment.
Mrs. Leadingham next argues that the court erred in not requiring that the wishes of the next-of-kin, Mr. Leadingham's father, be followed. But his father was not Mr. Leadingham's next-of-kin. His children were. Mrs. Leadingham seems to acknowledge this but argues that since they were too young to express an opinion, the "adult" next-of-kin should make the decision. But again, the father is not the next-of-kin. If the children are too young, then a guardian could be appointed for them to act in their behalf. The problem with this, of course, is that the children again divide two to two. And no guardian was requested or even suggested below.
Mrs. Leadingham's third argument is that the court erred in not granting her motion for rehearing. However, such motion was untimely and the court's denial was proper.
Finally, in a similar case, we have held that after burial occurs, a further challenge for possession of the body is moot. In Mills v. Heenan, 382 So.2d 1317, 1318 (Fla. 5th DCA 1980), a case in which the appellee had removed the decedent's body to New York and buried her there, we held:
In addition, an appellate court will not determine a controversy where the issues have become moot. DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943). The efficacy of our reversal of the trial court's order at this date is at best questionable. While we are not unsympathetic with appellant's grief and her desire to have her daughter buried close by, the same desire would naturally apply for her sister. The wisdom of disturbing the resting place of this girl, even if our order was enforceable, is also questionable.
Although the Mill's finding of mootness was at least partially based on a recognition that its order might well be ignored by New York officials, a problem we would not face here, we are nevertheless also persuaded to let Mr. Leadingham rest in peace.
AFFIRMED.
PETERSON, C.J., and ANTOON, J., concur.
NOTES
[1] We know of no requirement that a deceased's undisputed wishes concerning the method of his disposal or the place of his burial must be in writing and formally witnessed in order to be honored.