948 So.2d 58 (2007)
CITY OF KEY WEST, Appellant,
v.
Lorraine KNOWLES, Appellee.
No. 3D06-366.
District Court of Appeal of Florida, Third District.
January 10, 2007.
Rehearing Denied February 19, 2007.
*59 Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A. and Michael T. Burke, Ft. Lauderdale, for appellant.
Stevens & Culmer and Sheldon D. Stevens, Merritt Island, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.
GREEN, J.
The City of Key West ("City") appeals an adverse final judgment on a 42 U.S.C. § 1983 claim after a jury trial. On this appeal, the City asserts that the trial court erred when it failed to grant the City's motion for directed verdict on this claim. We agree and reverse.
Lorraine Knowles sued the City and its former Cemetery Sexton, Gilbert Suarez, on the grounds, among other things, that she was deprived of a property interest in her husband's buried remains without due process in violation of 42 U.S.C. § 1983.[1] The lawsuit arose from the following incident.
In March 2000, an urn containing the cremated remains of Knowles's late husband, Cecil Maitland Knowles, was interred in an above-ground burial vault at the Key West City Cemetery. Six months later, without Knowles's knowledge or consent, City cemetery worker, William Gates, decided to place the casket containing the body of her deceased husband's cousin in the same vault with the urn. When Knowles learned of this, she complained to the City and the cousin's casket was removed. This dual burial lasted approximately two months.
The evidence at trial, viewed in the light most favorable to Knowles, showed that on the day of the incident, Suarez, the City's Cemetery Sexton and Superintendent of Public Works, was out of town on a family emergency. City Cemetery worker, Gates, directed the dual burial. Gates did not consult with Suarez prior to making the decision for the dual burial.[2]
The testimony at trial further demonstrated that Suarez received no formal training for his role as a Cemetery Sexton. In fact, he relied on Gates to oversee day-to-day cemetery operations. Gates had the authority to make decisions regarding the placement of remains in the cemetery. Suarez would check Gates's work weekly. Suarez's supervisor testified that at the time of the incident the City had no written policies or procedures for the day-to-day operation of the cemetery or about individual property rights in the vaults and the remains therein contained.
At the close of Knowles's evidence, the City moved for a directed verdict, asserting that no view of the evidence would support a finding that Knowles was deprived of a federally protected right by a person acting under color of state law pursuant to 42 U.S.C. § 1983. The court denied the motion. The jury absolved Suarez of section 1983 liability, but awarded Knowles $15,000 in section 1983 damages against the City for mental anguish and emotional distress. The City appeals.
We agree with the City's argument that the court should have granted its motion for directed verdict on the 1983 claim. Section 1983 imposes liability on any party that subjects a person to a *60 "deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983 (2002). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992).
In the present case, Knowles filed a section 1983 action asserting a deprivation of procedural due process rights under the Fourteenth Amendment of the United States Constitution. To maintain such a claim, she "must first establish the existence of a constitutionally protected property or liberty interest that has been interfered with by the State." Crocker v. Pleasant, 778 So.2d 978, 983 (Fla.2001). Therefore, the threshold, and we believe dispositive, question is whether Knowles had a constitutionally protected property interest in the interred remains of her late husband, sufficient to raise a section 1983 claim.
To determine whether a property interest exists, for purposes of a section 1983 claim, we must look to state law. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Crocker, 778 So.2d at 984 (citing Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)). "[I]n Florida there is a legitimate claim of entitlement by the next of kin to possession of the remains of a decedent for burial or other lawful disposition." Crocker, 778 So.2d at 988. These rights to a deceased's remains, however, exist only for purposes of burial, or for other statutory purposes, and nothing further. Id. See Lascurain v. City of Newark, 349 N.J.Super. 251, 793 A.2d 731 (2002). Thus, for purposes of a section 1983 claim, constitutionally protected property interest to decedent's remains ends at the point of burial or other lawful disposition. Any claims for events occurring thereafter must be pursued under traditional common law causes of action. See Crocker, 778 So.2d at 987-88. In this case, Knowles's complaint arises solely from events after the lawful burial of her husband. Hence, there is no constitutionally protected property interest on which Knowles can rest her section 1983 claim under the facts of this case. Therefore, the trial court should have granted the City's directed verdict motion as the close of Knowles's evidence.
Based on the foregoing, we therefore reverse the judgment in Knowles's favor and remand with instructions that judgment be entered in favor of the City of Key West.
Reversed and remanded.
NOTES
[1] Knowles also brought claims against the City for breach of contract and negligent infliction of emotional distress. The trial court entered summary judgment in favor of the City on the negligent infliction of emotional distress claim and directed a verdict in favor of the City on the breach of contract claim.
[2] Gates died shortly after litigation began; his testimony was not preserved.