949 So.2d 1163 (2007)
Virgie ARTHUR, Appellant,
v.
Richard C. MILSTEIN, Guardian Ad Litem for Dannielynn Hope Marshall Stern, and Howard K. Stern, Appellees.
No. 4D07-715.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
*1164 Roberta G. Mandel of Stephens, Lynn, Klein, Lacava, Hoffman & Puya, P.A., Miami, for appellant.
Christopher S. Carver and Richard C. Milstein of Akerman Senterfitt, Miami, for Appellee-Richard C. Milstein.
June Galkoski Hoffman of Fowler White Burnett P.A., Miami, for Appellee-Howard K. Stern.
PER CURIAM.
Virgie Arthur, as natural mother and next of kin of the decedent, Vickie Lynn Marshall a/k/a Anna Nicole Smith, has filed an emergency petition for writ of certiorari. Through the petition, she asks this court to quash the trial court's February 22, 2007 order that granted Dannielynn Hope Marshall Stern's motion to recognize her sole right to determine the disposition of Smith's remains and the related ruling directing that the Guardian Ad Litem direct all aspects with respect to the handling of those remains consistent with the best interest of that child. We re-designate the case as an appeal from a final order and have expedited relief accordingly. § 9.110(a)(2). Fla. R.App. P.[1] We affirm the trial court's decision and address the second of the three points raised.
The trial court found that Arthur and the Guardian Ad Litem, on behalf of the child, both qualified as a "legally authorized person" as that term is defined in Florida Statute section 497.005(37). In finding that both were legally authorized, Florida Statute section 406.50(4) directs that priority to the remains pass in accordance with section 732.103 of the probate code. Under section 732.103, the lineal descendants of the decedent have priority.
Arthur argues that she, alone, is the "legally authorized person" to take possession of the remains, and the trial court erred in finding that the Guardian Ad Litem is an additional "legally authorized person." The phrase "legally authorized person" is found in Florida Statute section 497.005(37) (2006), which provides:
(37) "Legally authorized person" means, in the priority listed, the decedent, when written inter vivos authorizations and *1165 directions are provided by the decedent; the surviving spouse, unless the spouse has been arrested for committing against the deceased an act of domestic violence as defined in s. 741.28 that resulted in or contributed to the death of the deceased; a son or daughter who is 18 years of age or older; a parent; a brother or sister who is 18 years of age or older; a grandchild who is 18 years of age or older; a grandparent; or any person in the next degree of kinship. In addition, the term may include, if no family member exists or is available, the guardian of the dead person at the time of death; the personal representative of the deceased; the attorney in fact of the dead person at the time of death; . . . . Where there is a person in any priority class listed in this subsection, the funeral establishment shall rely upon the authorization of any one legally authorized person of that class if that person represents that she or he is not aware of any objection to the cremation of the deceased's human remains by others in the same class of the person making the representation or of any person in a higher priority class.
In the event more than one legally authorized person claims a body in the custody of the medical examiner for interment, section 406.50(4) provides that the requests shall be prioritized in accordance with section 732.103. Florida Statute section 732.103 of the Florida Probate Code provides that the part of the intestate estate not passing to the surviving spouse under section 732.102, or the entire intestate estate if there is no surviving spouse, descends first to the lineal descendants of the decedent, and if there is no lineal descendant, to the decedent's father and mother equally, or to the survivor of them.
The trial court relied upon section 406.50(4) to determine that Dannielynn had priority over Arthur. Arthur's position is that dependence on section 406.50(4) was error in this case as she is the sole "legally authorized person" as contemplated by section 497.005(37), and as such, she is entitled to make decisions regarding the disposition of the decedent's remains.
We find that neither section 497.005(37), nor section 406.50, control the outcome of this case, which in essence involves private parties engaged in a pre-burial dispute as to the decedent's remains. Otherwise stated, the trial court was not being asked to consider whether a funeral home or medical examiner was liable for its decision with respect to the disposition of a decedent's remains. Compare Matsumoto v. American Burial and Cremation Services, 32 Fla. L. Weekly D26, 949 So.2d 1054, 2006 WL 3733310 (Fla. 2d DCA Dec.20, 2006) (addressing daughter's suit against funeral home and recognizing that section 497.005 does not impose a due diligence requirement on the funeral home and that the applicable statutes dictate the funeral home's duties); Andrews v. McGowan, 739 So.2d 132 (Fla. 5th DCA 1999) (lineal descendant sued funeral homes after one home released the decedent's remains to another without the personal representative's authorization); Jackson v. Rupp, 228 So.2d 916 (Fla. 4th DCA 1969) (next of kin sued medical examiner). See also McRae v. Booth, 938 So.2d 432 (Ala.Civ.App.2006). Collectively, those cases indicate that the intent of those statutes is to guide the funeral home operators by clearly delineating the priority of those persons who are legally authorized to make funeral arrangements for a deceased person. See also § 497.002(2), Fla. Stat. (2006) (noting the purpose and intent of Chapter 497 expressly provides that subject to certain interests in society, "the Legislature finds that every competent adult has the right to *1166 control the decisions relating to his or her own funeral arrangements.").
In this case, common law is dispositive. Kirksey v. Jernigan, 45 So.2d 188, 189 (Fla.1950); Cohen v. Guardianship of Cohen, 896 So.2d 950 (Fla. 4th DCA 2005); Leadingham v. Wallace, 691 So.2d 1162 (Fla. 5th DCA 1997). Generally, in the absence of a testamentary disposition, the spouse of the deceased or the next of kin has the right to the possession of the body for burial or other lawful disposition. Kirksey. In Cohen, we held that a written testamentary disposition is not conclusive of the decedent's intent if it can be shown by clear and convincing evidence that he intended another disposition for his body. Cohen looked to decisions of other states which determined that whether to enforce the will provisions regarding disposition of the testator's body depends upon the circumstances of the case.
Having recognized certain property rights in dead bodies, many courts have announced the rule that a person has the right to dispose of his own body by will. However, courts, while paying lip service to the doctrine of testamentary disposal, have in certain instances permitted the wishes of the decedent's spouse or next of kin to prevail over those of the testator. In other instances, courts have accepted and acted upon evidence that indicated that the decedent's wishes concerning the disposition of his body had changed since the execution of his will.
Id. at 953 (quoting B.C. Ricketts, Annotation, Validity and Effect of Testamentary Direction as to Disposition of Testator's Body, 7 A.L.R.3d 747 § 1[b] (1966)).
Cohen noted that there were "no cases in Florida or across the country in which a testamentary disposition has been upheld even though credible evidence has been introduced to show that the testator changed his or her mind as to the disposition of his/her body." 896 So.2d at 954. There, we found no abuse of discretion associated with the trial court's finding of the decedent's intent. See also Leadingham. We note that even under section 497.005(37), the first priority is to the wishes of the decedent "when written inter vivos authorizations and directions are provided" and that the remaining list of legally authorized persons are those who are most likely to know and follow those wishes. To the extent sections 497.005(37) and 406.05(4) provide guidance, the priorities therein could set forth a presumption, rebuttable by clear and convincing evidence of the decedent's intent, as was the will in Cohen, and as found here.
The "tipsy coachman" doctrine, allows an appellate court to affirm a trial court that "reaches the right result, but for the wrong reasons" so long as "there is any basis which would support the judgment in the record." Robertson v. State, 829 So.2d 901, 906 (Fla.2002)(citing Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999)), which cited Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979).
Herein, the trial court found that "Anna Nicole Smith's last ascertainable wish with respect to the disposition of her remains was that she be buried in the Bahamas next to her son Daniel Wayne Smith." This finding is not essentially disputed. In light of the trial court's extensive findings and comments associated with Smith's intent, coupled with the Guardian Ad Litem's representation and commitment to a burial in the Bahamas, we conclude that there is no need to remand the case for further proceedings.
Affirmed.
*1167 No rehearing will be entertained and the Clerk of the Court is directed to issue the mandate forthwith.
STONE, POLEN and SHAHOOD, JJ., concur.
NOTES
[1] The parties in their filings and at oral argument stipulated to treatment of the case either as a certiorari proceeding or a final appeal. See § 9.040(c), Fla. R.App. P.