DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEE GIAT,**
Appellant,

v.

**SCI FUNERAL SERVICES OF FLORIDA, LLC d/b/a MENORAH GARDENS, et al.,**
Appellees.

No. 4D20-2021

[December 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE20-014437(09).

Michael A. Citron of Mac Legal, P.A., Hollywood, Menachem M. Mayberg of Seltzer Mayberg, LLC, Miami, and Yechezkel Rodal of Rodal Law, P.A., Ft. Lauderdale, for Appellant.

Blake V. Dolman, Kelly D. Hancock, Joseph J. Slama, and Kelley B. Stewart of Krupnick Campbell Malone Buser Slama Hancock, P.A., Ft. Lauderdale, and Bruce D. Green of Bruce David Green, P.A., Ft. Lauderdale, for Appellee Yocheved Davidoff Giat.

No appearance for Appellee SCI Funeral Services of Florida, LCC d/b/a Menorah Gardens.

GROSS, J.

Lee Giat appeals the final order denying his verified emergency petition to enjoin the disposition of the body of his father, Nissan Giat ("the decedent"), by the respondents, SCI Funeral Services of Florida, LCC d/b/a Menorah Gardens ("Menorah Gardens"), and the decedent's widow, Yocheved Davidoff Giat ("appellee"). Because the lower court erred in applying section 497.005(43), Florida Statutes (2020), where the dispute over the disposition of the decedent's remains is governed by common law, we reverse the final order and remand with instructions to hold an evidentiary hearing.

### *Statement of Facts*

Nissan Giat died in a plane crash in Pembroke Pines on August 28, 2020. He prepared no will or any written instruction regarding the disposition of his remains. His widow arranged for his funeral and cremation with Menorah Gardens.

On September 2, 2020, appellant filed suit to enjoin Menorah Gardens from cremating the decedent's remains. In his verified petition, he stated that his father was born and raised Jewish and that his father had shared his wish with him to be buried in accordance with Orthodox Jewish law and custom and not to be cremated.

Appellee filed a verified response opposing the emergency motion. In it, she stated that the decedent had often shared his desire to have his body cremated upon his death so that his ashes could remain with her in their marital home. She further stated that her husband was not religious, did not regularly attend temple, and expressed disdain for religion. Appellee noted that she herself practices Judaism.

On September 10, 2020, the trial court held an emergency hearing. Appellant argued that the court should disregard section 497.005(43), Florida Statutes (2020), and hold an evidentiary hearing. At the conclusion of the hearing, the court stated that the statute clearly indicated that the spouse's intent was controlling and that no further determination of intent was needed.

The court entered an order denying the injunction on the basis that appellant had not established a substantial likelihood of prevailing on the merits. The court stayed the order to allow appellant to file an appeal.

### *Analysis*

An order denying a permanent injunction lies within the sound discretion of the trial court and will be affirmed absent a showing of abuse of discretion. *Hollywood Towers Condo. Ass'n, Inc. v. Hampton*, 40 So. 3d 784, 786 (Fla. 4th DCA 2010). The trial court's decisions on purely legal issues, however, are reviewed de novo. *Nical of Palm Beach, Inc. v. Lewis*, 981 So. 2d 502, 504 (Fla. 4th DCA 2008).

On appeal, appellant argues that the trial court misread and misapplied section 497.005(43), Florida Statutes (2020), because the language of the statute does not apply to disputes between private parties as to the disposition of a decedent's body, and instead governs funeral homes and

2

cemeteries.  Appellant contends that under common law, where there is a bona fide dispute brought before a Florida court as to a decedent's intent regarding disposition of his remains, there should be an evidentiary hearing to determine the intent of the deceased.  The key issue in this case then is whether section 497.005(43) applies and conclusively governs who may control the disposition of the decedent's body.

We agree with appellant that the common law and not section 497.005(43) controls the dispute between family members over the disposition of the decedent's remains.

In 2005, the Florida legislature amended Chapters 470 and 497, Florida Statutes, which govern the funeral and cemetery industries.  Section 497.607, Florida Statutes (2020), governs the procedure required for cremation.  It specifies in part that

> At the time of the arrangement for a cremation performed by any person licensed pursuant to this chapter, the legally authorized person contracting for cremation services shall be required to designate her or his intentions with respect to disposition of the cremated remains of the deceased in a signed declaration of intent which shall be provided by and retained by the funeral or direct disposal establishment.  A cremation may not be performed until a legally authorized person gives written authorization, which may include the declaration of intent to dispose of the cremated remains, for such cremation.

§ 497.607(1), Fla. Stat. (2020).  Section 497.005(43) lists "legally authorized persons" and their priority in descending order:

> (43) "Legally authorized person" means, **in the priority listed**:
>
> (a) The decedent, when written inter vivos authorizations and directions are provided by the decedent;
>
> . . .
>
> (c) **The surviving spouse**, unless the spouse has been arrested for committing against the deceased an act of domestic violence as defined in s. 741.28 that resulted in or contributed to the death of the deceased;

3

(d) **A son or daughter** who is 18 years of age or older; . . .

§ 497.005(43), Fla. Stat. (2020) (emphasis added).

The focus of Chapter 497, Florida Statutes is the relationship between funeral homes and the persons who seek their services. The definition of "legally authorized person[s]" specifies the persons with whom a funeral home may contract to arrange services. Section 497.005(43) does not purport to designate the right to control the manner of disposition of a corpse where there is a dispute among family members; that section does not provide what acts the listed persons can perform or what rights they have under Chapter 497. No section in Chapter 497 containing the term "legally authorized person[s]" designates the person with the right to control the manner of the disposition of the dead body if the matter is subject to dispute.

Rather, section 497.383(2), Florida Statutes (2020), provides that "[a]ny ambiguity or dispute concerning the right of any legally authorized person to provide authorization under this chapter or the validity of any documentation purporting to grant that authorization shall be resolved by a court of competent jurisdiction." This statute recognizes that, where there is a dispute over the disposition of a decedent's remains, the issue is a matter of common law.

Florida law has long recognized the rights of survivors of a decedent regarding the burial and disposition of the remains. *E.g.*, *Crocker v. Pleasant*, 778 So. 2d 978, 988 (Fla. 2001) ("[T]here is a legitimate claim of entitlement by the next of kin to possession of the remains of a decedent for burial or other lawful disposition."); *Dunahoo v. Bess*, 200 So. 541, 542 (Fla. 1941) ("The right of the surviving spouse to have, protect and dispose of the remains of the other is a right recognized by law."); *City of Key West v. Knowles*, 948 So. 2d 58, 60 (Fla. 3d DCA 2007) ("[I]n Florida there is a legitimate claim of entitlement by the next of kin to possession of the remains of a decedent for burial or other lawful disposition. . . . These rights to a deceased's remains, however, exist only for purposes of burial, or for other statutory purposes, and nothing further.").

Even where a provision in a will concerns the burial of a decedent's remains, we have held that the issue of burial location is a factual question that may be submitted to a court. For example, in *Cohen v. Guardianship of Cohen*, 896 So. 2d 950 (Fla. 4th DCA 2005), we considered the effect of a decedent's oral expression as to burial which contradicted the instructions contained in his will. The will instructed that his remains be buried in New York, where he was residing at the time of its execution. *Id.*

4

at 951. However, the decedent then moved to Florida and, on numerous occasions, orally expressed his desire to be buried in Florida. *Id.*

We held that a testamentary disposition is not conclusive of the decedent's intent if it can be shown by clear and convincing evidence that he intended another disposition for his body. *Id.* at 954. This court "found no cases in Florida or across the country in which a testamentary disposition has been upheld even though credible evidence has been introduced to show that the testator changed his or her mind as to the disposition of his/her body." *Id.*

*Cohen* does not address how to determine a decedent's intent in the absence of any testamentary declaration. However, if clear and convincing evidence can overcome a testamentary expression of intent, it follows that in the absence of such an expression, the decedent's intent with regard to disposition of his body is a question of fact for the trial court.

We have rejected the notion that the earlier version of section 497.005(43) controlled the outcome of a case involving "private parties engaged in a pre-burial dispute as to the decedent's remains." *Arthur v. Milstein,* 949 So. 2d 1163, 1165 (Fla. 4th DCA 2007).

*Arthur* concerned the disposition of the body of Vickie Lynn Marshall, also known as Anna Nicole Smith. *Id.* at 1164. The case involved a disagreement between Smith's mother, her designated personal representative, and her infant child, represented by a Guardian ad Litem. *Id.* Smith's mother argued that she should have control over where Smith was to be buried, while her child argued that Smith should be buried in the Bahamas next to her deceased son. *Id.* at 1166.

Smith's mother argued that under the 2006 version of section 497.005(37)—the predecessor statute to the current version of section 497.005(43)—she was the "legally authorized person" under the statute and had the sole right to determine the place of burial. *Id.* at 1164.

In affirming the trial court's decision to allow the child's Guardian ad Litem to determine the disposition of Smith's remains, this court found that common law controlled because the trial court was not being asked to consider the liability of a funeral home or medical examiner. *Id.* at 1165. Rather, the case concerned a dispute between private parties. *Id.*

We concluded that where a decedent has left no written directions for disposition of his or her body, the central factual issue for the trial court was the decedent's wishes:

5

To the extent sections 497.005(37) and 406.50(4) provide guidance, the priorities therein could set forth a presumption, rebuttable by clear and convincing evidence of the decedent's intent, as was the will in *Cohen*, and as found here. . . . Herein, the trial court found that "Anna Nicole Smith's last ascertainable wish with respect to the disposition of her remains was that she be buried in the Bahamas next to her son Daniel Wayne Smith." This finding is not essentially disputed.

*Id.* at 1166.

Here, as in *Arthur* and *Cohen*, the dispute between appellant and appellee is between two private parties. As in both cases, the court is not being asked to consider whether a funeral home is liable. Common law applies and the trial court improperly relied on section 497.005(43).

We distinguish this case from *Andrews v. McGowan*, 739 So. 2d 132 (Fla. 5th DCA 1999), which involved the role of the predecessor statute to section 497.005(43). There, the decedent's descendants sued two funeral homes, one for releasing the remains and the other for receiving possession of those remains. At issue was the potential liability of the funeral homes that arose after the homes had taken action. In contrast, this is a dispute between private parties. It does not involve funeral home liability because Menorah Gardens has taken no action with respect to decedent's remains. Also, the decedent's intent regarding burial was never at issue in *Andrews*.

Because both parties dispute the decedent's wishes, each party should be allowed to present evidence to determine the decedent's wishes. Where a question of fact subject to proof is unanswered, an evidentiary hearing on the issue is required. *See Barone v. Rogers*, 930 So. 2d 761, 764 (Fla. 4th DCA 2006); *see also Commercial Capital Res., LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007) (holding evidentiary hearing required to determine disputed intentions of the parties).

We reverse and remand to the lower court with instructions to determine what the decedent's intentions were with respect to his remains.

*Reversed and remanded.*

CIKLIN and CONNER, JJ., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*