DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIDGET INGWELL,**
Appellant,

v.

**PATRICIA IBRAHIM** and
**SCI FUNERAL SERVICES OF FLORIDA, LLC,**
Appellees.

No. 4D2024-1390

[September 25, 2024]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 2024-CA-000049.

Christina Lehm, Fort Lauderdale, and Regina Rabitaille, Orlando, of Nelson Mullins Riley & Scarborough LLP, for appellant.

Joshua D. Ferraro of Lesser, Lesser, Landy & Smith, PLLC, West Palm Beach, for appellee Patricia Ibrahim.

No appearance for appellee SCI Funeral Services of Florida, LLC.

PER CURIAM.

Bridget Ingwell appeals a nonfinal order denying her emergency motion for temporary injunction.[1] The motion sought to place a hold on the cremation of Ingwell's father's body and to compel an autopsy. We affirm because the trial court correctly concluded that the decedent's spouse (Ingwell's stepmother) has priority to make this decision under the pertinent statute, and the spouse objected to an autopsy.

Section 872.04(2), Florida Statutes (2023), provides:

> Unless otherwise authorized by statute, no autopsy shall be performed without the written consent by the health care surrogate, as provided in s. 765.202, if one has been designated. *If a health care surrogate has not been designated,*

---

[1] The trial court granted a stay pending appeal.

*then written consent may be provided by the spouse, nearest relative, or, if no such next of kin can be found, the person who has assumed custody of the body for purposes of burial.* When two or more persons assume custody of the body for such purposes, then the consent of any one of them shall be sufficient to authorize the autopsy.

§ 872.04(2), Fla. Stat. (2023) (emphasis added).

Ingwell contends that, under this statute, she is a "nearest relative" that has equal priority to consent to an autopsy as the "spouse." As set forth below, we disagree.

We review the trial court's purely legal conclusion de novo. *Kephart v. Hadi*, 932 So. 2d 1086, 1089 (Fla. 2006) ("The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review."). The trial court correctly determined that the statute sets out a hierarchy of who may consent and that the spouse is listed first and has priority over other relatives. The Legislature included the term "spouse" in the list, and this term should be given weight. "[W]ords in a statute should not be construed as mere surplusage." *Sun Gas Mktg. & Petroleum LLC v. BJ's Wholesale Club, Inc.*, 383 So. 3d 118, 124 (Fla. 4th DCA 2024) (quoting *Am. Home Assurance Co. v. Plaza Materials Corp.*, 908 So. 2d 360, 366 (Fla. 2005)). The list is clearly prioritized as it concludes with who may consent when "no such next of kin can be found." § 872.04(2), Fla. Stat. (2023).

Additionally, for purposes of section 872.04(2), we conclude that a spouse, if one exists, would be the "nearest relative" of the decedent. The term "nearest relative" is not defined by section 872.04. Black's Law Dictionary defines "nearest relative" as follows:

> **nearest relative** (17c) **1.** next of kin. **2.** The closest living kin within a statutorily designated hierarchy of kinship *that begins with the person's spouse or civil partner, and then adult children, parents, siblings, and so on.*

*Relative,* Black's Law Dictionary (12th ed. 2024) (emphasis added).

This definition is persuasive and resolves any ambiguity because, in these circumstances, the decedent's wife is both the "spouse" and "nearest relative" under section 872.04(2)'s plain language.

This reading is consistent with the hierarchy that the Legislature has established for a "[l]egally authorized person" under Chapter 497, Florida

2

Statutes (2023), which regulates funeral and cremation services. *See* § 497.005(43)(a), Fla. Stat. (2023) (giving a spouse priority over an adult child). These related statutes should be read together. *See Larimore v. State*, 2 So. 3d 101, 106 (Fla. 2008) ("The doctrine of *in pari materia* is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent." (quoting *Fla. Dep't of State v. Martin*, 916 So. 2d 763, 768 (Fla. 2005))).

Additionally, the common law rule is that "[g]enerally, in the absence of a testamentary disposition, the spouse of the deceased or the next of kin has the right to the possession of the body for burial or other lawful disposition." *Arthur v. Milstein*, 949 So. 2d 1163, 1166 (Fla. 4th DCA 2007) (citing *Kirksey v. Jernigan*, 45 So. 2d 188, 189 (Fla. 1950)).

Ingwell does not cite any authority that would support giving a decedent's child the ability to override the decision of the decedent's spouse in determining a body's disposition. As the trial court noted, a child who suspects "foul play" can contact authorities, who would have the power to require an autopsy. *See* § 406.11(1)(a)4., Fla. Stat. (2023) (authorizing a district's medical examiner to "perform such examinations, investigations, and autopsies as he or she deems necessary or as requested by the state attorney" in enumerated circumstances, including when a person dies in this state "[s]uddenly, when in apparent good health"); *Jackson v. Rupp*, 228 So. 2d 916, 919 (Fla. 4th DCA 1969) ("In spite of the fact that an exclusive right does vest in the surviving spouse, relative, or next of kin to dispose of a corpse, autopsies may be authorized by public authorities for the protection of health or the discovery of crime.").

Because Ingwell fails to show any error in the trial court's conclusion that section 872.04(2) gives the spouse priority in this situation, we affirm.

*Affirmed.*

WARNER, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***